IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No._____ |
| | ) | |
| Plaintiff, | ) | **Count One** |
| | ) | Title 18, U.S.C. § 1962© |
| v. | ) | (Racketeering) |
| | ) | Defendants Askarkhodjaev, Yunusov, |
| ABRORKHODJA ASKARKHODJAEV, | ) | Shukurov, Dougherty, Fazilov, Simon, |
| a.k.a. Alex, Abdumajid Maksudov, Abror | ) | Abdoollayev, Cole, Agzamov and Kakhkharov |
| [DOB: 10/24/1978] | ) | NMT 20 Years Imprisonment |
| | ) | NMT $250,000 Fine |
| NODIR YUNUSOV, a.k.a. Nick, | ) | NMT Three Years Supervised Release |
| [DOB: 09/15/1986] | ) | Class C Felony |
| | ) | |
| RUSTAMJON SHUKUROV, | ) | Defendants Giant Labor Solutions, LLC, Five |
| a.k.a Rustam | ) | Star Cleaning, LLC, and Crystal Management, |
| [DOB: 10/13/1987] | ) | Inc. |
| | ) | NMT Five Years Probation |
| KRISTIN DOUGHERTY, | ) | NMT $500,000 Fine |
| [DOB: 09/06/1960] | ) | |
| | ) | **Count Two** |
| ILKHAM FAZILOV, | ) | Title 18, U.S.C. § 1962(d) |
| [DOB: 09/11/1964] | ) | (Racketeering Conspiracy) |
| | ) | Defendants Askarkhodjaev, Yunusov, |
| VIOREL SIMON, a.k.a. Victor, | ) | Shukurov, Dougherty, Fazilov, Simon, |
| [DOB: 06/10/1981] | ) | Abdoollayev, Cole, Agzamov and Kakhkharov |
| | ) | NMT 20 Years Imprisonment |
| NODIRBEK N. ABDOOLLAYEV, | ) | NMT $250,000 Fine |
| a.k.a. Bek | ) | NMT Three Years Supervised Release |
| [DOB: 04/08/1982] | ) | Class C Felony |
| | ) | |
| ANDREW COLE, | ) | Defendants Giant Labor Solutions, LLC, Five |
| [DOB: 08/12/1955] | ) | Star Cleaning, LLC, and Crystal Management, |
| | ) | Inc. |
| SANDJAR AGZAMOV, | ) | NMT Five Years Probation |
| [DOB:10/20/1981] | ) | NMT $500,000 Fine |
| | ) | |
| JAKHONGIR KAKHKHAROV, | ) | |
| [DOB: 03/06/1980] | ) | |

ABDUKAKHAR AZIZKHODJAEV,   )
[DOB: 09/05/1959]   )

ALEXANDRU FRUMUSACHE,   )
[DOB: 07/07/1985]   )

GIANT LABOR SOLUTIONS, LLC,   )

CRYSTAL MANAGEMENT, INC,   )

FIVE STAR CLEANING, LLC,   )

         Defendants.   )

| | |
|---|---|
| **Count Three** | |
| Title 18, U.S.C. §§ 1589(a) and 2 | |
| (Forced Labor Trafficking) | |
| Defendants Askarkhodjaev, Yunusov, | |
| Shukurov, Fazilov, Simon, Cole and | |
| Frumusache | |
| NMT 20 Years Imprisonment | |
| NMT $250,000 Fine | |
| NMT Life of Supervised Release | |
| Class C Felony | |

**Count Three**
Title 18, U.S.C. §§ 1589(a) and 2
(Forced Labor Trafficking)
Defendants Askarkhodjaev, Yunusov,
Shukurov, Fazilov, Simon, Cole and
Frumusache
NMT 20 Years Imprisonment
NMT $250,000 Fine
NMT Life of Supervised Release
Class C Felony

**Count Four**
Title 18, U.S.C. §§ 1351 and 2
(Fraud in Foreign Labor Contracting)
Defendants Askarkhodjaev, Yunusov,
Shukurov, Simon and Cole
NMT 5 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class D Felony

**Counts Five and Six**
Title 18, U.S.C. § 1028A
(Aggravated Identity Theft)
Defendant Agzamov
Mandatory 2 Year Consecutive Imprisonment
NMT $250,000 Fine
NMT 1 Year Supervised Release
Class E Felony

**Count Seven**
Title 18, U.S.C. §§ 1028(a)(7) and 2
(Identity Theft)
Defendant Askarkhodjaev
NMT 20 Years Imprisonment
NMT $250,000 Fine
NMT 3 Years Supervised Release
Class C Felony

2

)   **Counts Eight, Twelve, Thirty-One, and**
)   **Thirty-Five**
)   Title 8, U.S.C. § 1324(a)(1)(A)(iii) and Title
)   18, U.S.C. § 2
)   (Harboring Illegal Aliens)
)   Count Eight:  Defendant Askarkhodjaev
)   Count Twelve:  Defendants Askarkhodjaev and
)   Agzamov
)   Count Thirty-One:  Defendants Askarkhodjaev
)   and Kakhkarov
)   Count Thirty-Five:  Defendants Askarkhodjaev
)   and Fazilov
)   NMT 5 Years Imprisonment
)   NMT $250,000 Fine
)   NMT 3 Years Supervised Release
)   Class D Felony
)
)   Defendants Giant Labor Solutions, LLC, and
)   Five Star Cleaning, LLC
)   NMT Five Years Probation
)   NMT $500,000 Fine
)
)   **Count Nine**
)   Title 8, U.S.C. § 1325(c)
)   (Marriage Fraud)
)   Defendant Askarkhodjaev
)   NMT 5 Years Imprisonment
)   NMT $250,000 Fine
)   NMT 3 Years Supervised Release
)   Class D Felony
)
)   **Counts Ten, Eleven, Twenty-Seven through**
)   **Thirty, Thirty-Two through Thirty-Four**
)   Title 18, U.S.C. §§  1546(a) and 2
)   (Visa Fraud)
)   Counts Ten and Eleven:  Defendant
)   Askarkhodjaev
)   Count Twenty-Seven:  Defendant
)   Askarkhodjaev
)   Count Twenty-Eight: Defendant Yunusov
)   Count Twenty-Nine: Defendant Fazilov
)   Count Thirty: Defendant Shukurov
)   Count Thirty-Two: Defendant Fazilov
)   Count Thirty-Three: Defendant Askarkhodjaev
)   Count Thirty-Four: Defendant Yunusov
)

3

)   NMT 10 Years Imprisonment
)   NMT $250,000 Fine
)   NMT 3 Years Supervised Release
)   Class C Felony
)   _____
)   Defendants Giant Labor Solutions, LLC, Five
)   Star Cleaning, LLC, and Crystal Management,
)   Inc.
)   NMT Five Years Probation
)   NMT $500,000 Fine
)
)   **Counts Thirteen through Fifteen**
)   Title 18, U.S.C. § 1957(a)
)   (Money Laundering)
)   Defendant Askarkhodjaev
)   NMT 10 Years Imprisonment
)   NMT $250,000 Fine
)   NMT 3 Years Supervised Release
)   Class C Felony
)
)   **Counts Sixteen through Eighteen and Counts**
)   **Forty-Two through Forty-Five**
)   Title 18, U.S.C. §§ 1341 and 2
)   (Mail Fraud)
)   Counts Sixteen through Eighteen:
)   Defendant Askarkhodjaev
)   Count Forty-Two: Defendant Askarkhodjaev
)   Count Forty-Three: Defendant Fazilov
)   Count Forty-Four: Defendant Shukurov
)   Count Forty-Five: Defendant Yunusov
)   NMT 20 Years Imprisonment
)   NMT $250,000 Fine
)   NMT 3 Years Supervised Release
)   Class C Felony
)
)   Defendants Giant Labor Solutions, LLC, Five
)   Star Cleaning, LLC, and Crystal Management,
)   Inc.
)   NMT Five Years Probation
)   NMT $500,000 Fine
)

4

)    **Counts Nineteen through Twenty-Two**
)    Title 18, U.S.C. §§ 1956(a)(1)(A)(i) and 2
)    (Money Laundering)
)    Count Nineteen: Defendants Askarkhodjaev,
)    Dougherty and Agzamov
)    Counts Twenty and Twenty-One: Defendants
)    Agzamov and Azizkhodjaev
)    Count Twenty-Two: Defendant Fazilov
)    NMT 20 Years Imprisonment
)    NMT $500,000 Fine
)    NMT 3 Years Supervised Release
)    Class C Felony
)
)    Defendant Five Star Cleaning, LLC
)    NMT Five Years Probation
)    NMT $500,000 Fine
)
)    **Count Twenty-Three**
)    Title 8, U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II)
)    (Transportation of Illegal Aliens)
)    Defendants Askarkhodjaev, Simon, Yunusov
)    Shukurov and Cole
)    NMT 10 Years Imprisonment
)    NMT $250,000 Fine
)    NMT 3 Years Supervised Release
)    Class C Felony
)
)    Defendants Giant Labor Solutions, LLC and
)    Crystal Management, Inc.
)    NMT Five Years Probation
)    NMT $500,000 Fine
)
)    **Counts Twenty-Four through Twenty-Six**
)    Title 18, U.S.C. §§ 1956(a)(1)(B)(i) and 2
)    (Money Laundering)
)    Count Twenty-Four: Defendants Askarkhodjaev
)    and Agzamov
)    Count Twenty-Five: Defendants Askarkhodjaev
)    and Kakhkharov
)    Count Twenty-Six: Defendants Askarkhodjaev
)    and Fazilov
)    NMT 20 Years Imprisonment
)    NMT $500,000 Fine
)    NMT 3 Years Supervised Release
)    Class C Felony

5

) Defendants Giant Labor Solutions, LLC and
) Five Star Cleaning, LLC
) NMT Five Years Probation
) NMT $500,000 Fine
)
) **Count Thirty-Six**
) Title 18, U.S.C. §§ 1951(a) and 2
) (Extortion)
) Defendants Askarkhodjaev, Yunusov and
) Shukurov
) NMT 20 Years Imprisonment
) NMT $250,000 Fine
) NMT 3 Years Supervised Release
) Class C Felony
)
) **Count Thirty-Seven**
) Title 18, U.S.C. §§ 1952(a)(2) and 2
) (Interstate Travel in Aid of Racketeering)
) Defendants Askarkhodjaev, Yunusov and
) Shukurov
) NMT 20 Years Imprisonment
) NMT $250,000 Fine
) NMT 3 Years Supervised Release
) Class C Felony
)
) **Counts Thirty-Eight through Forty-One**
) Title 18, U.S.C. § 1343
) (Wire Fraud)
) Count Thirty-Eight: Defendant Askarkhodjaev
) Count Thirty-Nine: Defendant Yunusov
) Count Forty: Defendant Shukurov
) Count Forty-One: Defendant Dougherty
) NMT 20 Years Imprisonment
) NMT $250,000 Fine
) NMT 3 Years Supervised Release
) Class C Felony
)
) **Forfeiture Allegation**
) Title 8, U.S.C. §§ 1324(b)(1); Title 18, U.S.C.
) §§ 981(a)(1)©, 982(a)(1) and (a)(2)(B),
) 1028(a)(7), (b)(5), 1341, 1343, 1589, 1594(d),
) 1956, 1957, 1961(1), 1963; and Title 28, U.S.C.
) § 2461©

6

| INDICTMENT SUMMARY | |
| --- | --- |
| **DEFENDANT** | **COUNTS** |
| ASKARKHODJAEV | 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 23, 24, 25, 26, 27, 31, 33, 35, 36, 37, 38, 42 |
| YUNUSOV | 1, 2, 3, 4, 23, 28, 34, 36, 37, 39, 45 |
| SHUKUROV | 1, 2, 3, 4, 23, 30, 36, 37, 40, 44 |
| DOUGHERTY | 1, 2, 19, 41 |
| FAZILOV | 1, 2, 3, 22, 26, 29, 32, 35, 43 |
| SIMON | 1, 2, 3, 4, 23 |
| ABDOOLLAYEV | 1, 2 |
| COLE | 1, 2, 3, 4, 23 |
| FRUMUSACHE | 3 |
| AGZAMOV | 1, 2, 5, 6, 12, 19, 20, 21, 24 |
| KAKHKHAROV | 1, 2, 25, 31 |
| AZIZKHODJAEV | 20, 21 |
| GIANT LABOR SOLUTIONS, LLC | 1, 2, 12, 23, 24, 25, 26, 27, 31, 42 |
| CRYSTAL MANAGEMENT, INC. | 1, 2, 23, 28, 45 |
| FIVE STAR CLEANING, LLC | 1, 2, 22, 26, 29, 35, 43 |

## I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT ONE
**(Racketeering)**

## BACKGROUND

At times material to this indictment:

7

(1)     Defendant Abrorkhodja Askarkhodjaev (hereinafter "Abror") owned and operated a labor leasing company, defendant Giant Labor Solutions, LLC (hereinafter "GLS") located at 607 Westport Road in Kansas City, Missouri.  Through defendant GLS, defendant Abror, personally and in conjunction with employees and associates, secured fraudulent labor leasing contracts regarding clients in the hotel/resort, casino, and construction industries in the states of Alabama, Arizona, California, Colorado, Florida, Kansas, Louisiana, Massachusetts, Missouri, Minnesota, Nevada, New Jersey, South Carolina and Wyoming.

(2)     Specifically, defendant GLS' workforce was predominately comprised of foreign nationals possessing either J-1 work visas, B1/B2 visitor visas, F-1 student visas, or H-2B work visas.  The Criminal Enterprise employed these alien workers and arranged for them to enter the United States illegally and overstay their visas.  The Criminal Enterprise did not have legal authorization to assign the alien workers to many of the specific locations within the United States during their term of employment.   Moreover, defendant Abror, caused fraudulent petitions to be filed extending or changing the visa status of those foreign nationals.

(3)     Defendant Abror associated with or controlled the operations of the following businesses as part of the Criminal Enterprise:

- ABB Maintenance, LLC at 7575 W 106th Street, Apt. 36, Overland Park, KS 66212, which, in conjunction with unindicted subject B.Y., acted as a subcontractor for Pro-Line Management controlled by defendant Dougherty, for the purpose of fulfilling labor leasing contracts in Kansas City, Missouri, and elsewhere between January 2001 and February 2005.

- Anchor Building Services Inc. at 3304 N. Lindbergh Blvd., St. Ann, MO 63074, which, in conjunction with defendant Dougherty, fulfilled labor leasing contracts

8

with foreign nationals from the Criminal Enterprise companies who were employed at hotels in Missouri and elsewhere.

- Defendant Crystal Management, Inc. (hereinafter "Crystal") at 4861 Glenwood St. Apt. 2 Mission, KS 66202 and 9218 Metcalf Avenue, Ste. 250, Overland Park, KS, a nominee entity, utilized by defendants Abror and GLS, in conjunction with defendant Yunusov, to file fraudulent applications and petitions for H-2B visas in order to obtain work authorizations for foreign nationals abroad and within the United States in order to fulfill labor leasing contracts in Missouri, Kansas and elsewhere.

- Defendant Five Star Cleaning, LLC (hereinafter Five Star) at 3010 McGee Street, Suite 3, Kansas City, MO 64108, a nominee entity utilized by defendants Abror, Yunusov, Shukurov, and GLS, in conjunction with defendant Fazilov, to obtain work authorization for foreign nationals abroad and within the United States in order to fulfill labor leasing contracts in Missouri, Kansas and elsewhere and established to conceal unlawful proceeds and unauthorized employment of foreign nationals by defendant GLS and the Enterprise members.

- KC Janitorial Services, LLC at 6933 W. 75th, Suite 107, Overland Park, KS 66204, a nominee entity utilized by defendants Abror and GLS, in conjunction with defendant Agzamov, to conceal unlawful proceeds and unauthorized employment of foreign nationals by defendant GLS and the Enterprise members.

- Defendant Giant Labor Solutions, LLC. at 607 Westport Rd., Suite 600, Kansas City, MO was utilized by defendants Abror, Yunusov, Shukurov, Simon, and Abdoollayev for the purpose of securing and fulfilling labor leasing contracts, petitioning for

9

foreign national workers, and concealing unlawful proceeds through nominee
entities.

- Laborfix International at 15 W. 10th Street, Ste. 1204, Kansas City, MO 65108, was
  utilized in conjunction with defendant Abdoollayev, to fulfill the labor leasing
  contract defendant GLS secured with Kato Roofing in Minnesota.

- Midwest Management, Inc. at 5427 Johnson Drive, Ste. 236, Mission KS, 66202, a
  nominee entity utilized by defendants Abror and GLS in conjunction with defendant
  Kakhkharov, to conceal unlawful proceeds and unauthorized employment of foreign
  nationals by defendant GLS and the Enterprise members.

- MMC Professional Cleaning, Inc. at 1210 Kelburn Rd., Apt. D, Columbus, OH
  43227 and 5427 Johnson Drive, Ste. 236, Mission KS, 66202, a nominee entity
  utilized by defendant Abror in conjunction with Cooperating Witness A, to conceal
  unlawful proceeds and unauthorized employment of foreign nationals by defendant
  Abror and the Enterprise members and to act as a subcontractor for Genesis
  Management, Pro-Line Management, and Anchor Services, Inc. for the purpose of
  providing foreign nationals to fulfill labor leasing contracts.

- People Inc. at 3304 N. Lindbergh Street, St. Ann, MO 63074 and 12520 Olive Blvd.,
  St. Louis, MO 63141, utilized by defendants Dougherty and GLS to file H-2B
  petitions  for the purpose of obtaining work authorization for foreign nationals
  abroad and within the United States in order to fulfill labor leasing contracts in
  Missouri and elsewhere.

- United Management, LLC at 4930 Glenwood, Apt. 2, Mission, KS 66202,  a
  nominee entity, utilized by defendants Abror, Yunusov, and GLS in conjunction with

defendant Shukurov, to file H-2B visa applications for the purpose of obtaining work authorization for foreign nationals abroad and within the United States in order to fulfill labor leasing contracts in Missouri and elsewhere.

• Advantage Labor Services, LLC at 1504 Rutgers Lane, St. Charles, MO 63303, a nominee entity utilized by defendants Abror, Yunusov, and GLS in conjunction with defendant Cole, to employ H-2B foreign nationals the enterprise petitioned from abroad and within the United States in order to fulfill labor leasing contracts in Wyoming and elsewhere.

• Suncoast Hospitality Inc., 18090 Collins Avenue, Suite T-17-89, Sunny Isle Beach, Florida 33160, a nominee entity utilized by defendant Fazilov, Crystal Management, and GLS in conjunction with defendant Yunusov, to employ H-2B foreign nationals the enterprise petitioned from abroad and within the United States in order to fulfill labor leasing contracts in Alabama and elsewhere.

(4) Defendant GLS was incorporated on February 3, 2005 by defendant Abror under the laws of the state of Missouri for the purpose of fulfilling labor leasing contracts and therefore was required to pay unemployment taxes to the state of Missouri.

(5) Defendant GLS fraudulently failed to report that it had employee wages in Missouri until the second quarter of 2007, and falsely reported eleven employees in the state of Missouri between that time and the date of this indictment. Additionally, defendant GLS fraudulently failed to report that it had employee wages in Kansas until the first quarter of 2008, and falsely reported no more than eleven employees in the state of Kansas between that time and the date of this indictment.

(6) Defendants Abror, Abdoollayev, Dougherty, Yunusov, Fazilov, Shukurov, and other

11

subjects both known and unknown to the grand jury have established multiple companies in the states of Kansas and Missouri in order to promote and carry out the activities of the Criminal Enterprise as listed in paragraphs one and three of this indictment.

(7)     Defendant Abdoollayev was Vice President and Marketing Manager for defendant GLS and owned and controlled Laborfix International which was located at his apartment and registered with the State of Missouri.  As part of this Enterprise, defendant Abdoollayev secured and maintained labor leasing contracts and recruited foreign national workers to fulfill these contracts and acted as Vice President for People Inc.

(8)     Defendant Dougherty was Vice President of Sales for defendant GLS and owned, controlled or had a direct interest in the following businesses:  People, Inc., registered in the State of Florida, Anchor Building Services, Pro-Line Management, and Hotel and Resort Services, all registered in the State of Missouri.  As part of this Enterprise, Dougherty recruited labor leasing clients throughout the United States and fulfilled these contracts with foreign nationals from within the Enterprise.

(9)     Defendant Yunusov was Vice President of Sales and Training for defendant GLS and was the Owner/President of defendant Crystal Management, Inc.,  a business registered in Missouri and Kansas with addresses listed at Yunosov's apartment and at a UPS Store.  As part of this Enterprise, Yunusov handled the daily operations of defendant GLS and the Enterprise, recruited both clients and alien workers to fulfill labor leasing contracts, maintained the payroll and transported workers to and from job site locations throughout the United States.

(10)     Defendant Fazilov was the owner of defendant Five Star Cleaning, LLC which was a registered business within the state of Missouri with addresses listed at Fazilov's former apartment in Kansas and at a UPS Store in Missouri.  As part of this Enterprise, Fazilov handled payroll for

the alien workers and established defendant Five Star Cleaning, LLC for the purpose of shielding

defendant GLS from criminal and civil liability regarding the non-payment of employment taxes,

worker's compensation and employment of unauthorized foreign nationals and acted as President

and owner of Suncoast Hospitality Inc.

(11) Cooperating Witness A was the co-owner of defendant GLS with defendant

Abror and worked as an employee at MMC Professional Cleaning, Inc. which was registered with

the state of Ohio. As part of the Enterprise, Cooperating Witness A was responsible for payroll and

client maintenance through the instructions of defendant Abror.

(12) Defendant Kakhkharov was an employee of defendant GLS and owned

Midwest Management Inc., a business registered with the state of Kansas and located at a UPS

outlet. As part of this Enterprise, Kakhkharov acted as a subcontractor for defendants Abror and

GLS for the purpose of concealing the employment of unauthorized foreign nationals and the

unlawful proceeds generated by the Enterprise.

(13) Defendant Agzamov was an employee of defendant GLS and controlled the

operations of KC Janitorial Services, LLC, and acted as a subcontractor for defendants Abror and

GLS. As part of this Enterprise, Agzamov acted on behalf of defendant Abror to conceal the

employment of illegal aliens and unlawful proceeds of the Enterprise.

(14) Defendant Shukurov was the President of Administration for defendant

GLS and owned United Management, LLC which was located at a UPS Store. As part of this

Enterprise, Shukurov transported workers to and from job site locations, handled the payroll, and

acted in a supervisory capacity regarding foreign nationals utilized to fulfill labor leasing contracts.

(15) Defendant Simon acted as a supervisor with defendant GLS. As part of this

Enterprise, Simon transported unauthorized foreign nationals to and from job locations in Missouri,

Kansas and elsewhere, distributed pay checks to aliens employed by the Enterprise, managed the Criminal Enterprise labor leasing contracts in Wyoming, and handled the housing arrangements for aliens working for the Enterprise.

(16)     Defendant Cole was a subcontractor to defendant GLS and responsible for negotiating labor leasing contracts to be fulfilled in Wyoming and elsewhere. As part of this Enterprise, Cole owned and operated Advantage Labor Services, LLC which was a business registered with the Secretary of State in Missouri, for the purpose of supplying foreign national workers to fulfill labor leasing contracts on behalf of the Enterprise and acted as Vice President for Crystal Management Inc.

(17)     As part of the Criminal Enterprise, defendants Abror, Agzamov, and Yunusov assumed, and attempted to assume, the identities of other aliens in order to obtain drivers' licenses and identification cards from the state of Kansas. These assumed identities, as well as shortened versions of their names, were used to register and operate the aforementioned entities and were also used to open business bank accounts and to file fraudulent petitions for alien workers.

(18)     The Criminal Enterprise used internet web sites including: http://www.H2Bjobsusa.org; http://www.giantlaborsolutions.com; and http://www.safaritravelusa.com, to solicit and recruit alien workers from both abroad and within the United States and to obtain information regarding these aliens. Following this solicitation and upon agreement with the foreign nationals, the Criminal Enterprise charged fees to petition the Citizenship and Immigration Bureau (CIS) on their behalf between $400 to $3,000 depending on the type of visa requested.

## REGULATORY BACKGROUND

(19)     The United States Department of Homeland Security (DHS), Citizenship

14

and Immigration Services (CIS) was an agency of the United States, responsible for processing and reviewing applications for immigration benefits and employment-based visa petitions pursuant to the Immigration and Nationality Act.

(20)    The United States Department of Justice (DOJ) Immigration and Naturalization Service (INS) was an agency of the United States, responsible for processing and reviewing applications for immigration benefits and employment-based visa petitions pursuant to the Immigration and Nationality Act.  In this regard, INS ceased to exist in March 2003 when it became the Citizenship and Immigration Services (hereinafter CIS), and therefore the acronyms CIS and INS are used interchangeably hereafter in this indictment.

(21)    The United States Department of Labor (DOL), Employment and Training Administration (ETA) was an agency of the United States, responsible for the processing, review, certification, and approval of Applications for Alien Employment (form ETA 750) pursuant to the Immigration and Nationality Act.

(22)    The United States Department of Treasury, Internal Revenue Service (IRS) was an agency of the United States responsible for the administration and collection of employment related and income taxes for both businesses and individuals operating within the United States.  The term "payroll taxes" includes federal withholding income taxes, Social Security taxes, Medicare taxes, and federal unemployment taxes.

(23)    Throughout the United States, each state had its own State Workforce Agency (SWA) authorized by the ETA to administer a portion of the temporary work visa programs covered under the Immigration and Nationality Act.

(24)    The Kansas Department of Revenue was an agency within the State government of

15

Kansas responsible for processing and reviewing applications for drivers' licenses, and for the administration, and regulation of drivers' licenses in the state of Kansas.

## Adjustment of Immigration Status by Marriage

(25)　　Under the immigration laws, a foreign national who was married to a United States citizen could obtain permanent resident status in the United States, provided that the marriage had been entered into in good faith and that the United States citizen had not entered into the marriage in exchange for something of value, such as money, or for the sole purpose of enabling the foreign national to obtain permanent resident status in the United States.

(26)　　In order for a foreign national to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse was required to file a "Petition for Alien Relative" (INS form I-130) on behalf of the foreign national.  Consequently, the foreign national's spouse was required to prove that he or she was in fact a United States citizen, to provide certain background information about the marriage, including the location of the marital residence, to certify that the marriage was not entered into for the purpose of evading immigration laws, that is Title 8, United States Code, §§ 1154 and 1186a, and to certify under penalty of perjury that such information was true and correct.

(27)　　The foreign national was required to file with CIS a completed "Application to Register Permanent Resident or Adjust Status" (INS form I-485), and was required to sign the completed application, certifying under penalty of perjury that the information provided by the foreign national, including information about the foreign national's spouse, was true and correct and that the foreign national was admissible to the United States pursuant to § 212(a) of the Immigration and Nationality Act.

(28)　　After filing INS forms I-130 and  I-485, the foreign national and citizen spouse were

16

required to submit to an interview conducted by CIS examiners for the purpose of verifying, among other things, that the marriage was legitimate and was not entered into in order to obtain permanent resident status for the foreign national. Consequently, if the CIS examiner determined that the marriage had been entered into in exchange for something of value or for the sole purpose of enabling the foreign national to obtain permanent resident status, the foreign national's application for permanent resident status would be denied. Thus, the issue of whether the foreign national and citizen spouse resided together was a material factor in determining whether the marriage was bona fide.

### H-2B Temporary Work Visa Program

(29)     An H-2B visa was a nonimmigrant visa granted to citizens of other countries seeking to work in the United States on a temporary basis. Therefore, the H-2B non-immigrant visa program permitted employers to hire foreign workers to come to the United States and perform temporary nonagricultural services or labor on a one-time, seasonal, peak-load, or intermittent basis. In this regard, the H-2B visa classification required the Secretary of Homeland Security to consult with appropriate agencies before admitting H-2B nonimmigrants.

(30)     Consequently, Homeland Security regulations required the petitioning employer to apply for a temporary labor certification from the Secretary of Labor advising the CIS as to whether qualified United States workers were available and whether the alien's employment would adversely affect the wages and working conditions of similarly employed United States workers, or a notice that such certification cannot be made, prior to filing an H-2B visa petition with CIS.

(31)     In this regard, there was a 66,000 person visa restriction on the number of foreign workers who may receive initial H-2B status during each government fiscal year with returning H-2B workers (extensions) exempted from this limitation. However, employers were still required to

file an H-2B application with the Department of Labor for any H-2B returning (extended) workers. Accordingly, the Department of Labor reviewed and processed all H-2B applications on a first in, first out basis, regardless of whether the 66,000 visa restraint had been reached.

(32)     Entities seeking to employ temporary H-2B workers must file two original Applications for Alien Employment Certification (form ETA 750) directly with the State Workforce Agency (SWA) serving the area of intended employment.  An Application for Alien Employment Certification (form ETA 750) was both an offer of employment to a foreign national by an employer, and a request from the employer to the DOL to authorize the hiring of the foreign national for the designated position.

(33)     The Application for Alien Employment Certification included Part A, "Offer of Employment," and Part B, "Statement of Qualifications of Alien."  Among other things, an employer was required to certify on the form ETA 750 that sufficient funds were available to pay the wage or salary offered the foreign national, that the foreign national would be employed on or before the date the foreign national proposes entrance into the United States, that the wage offered was not based on commissions, bonuses, or other incentives and that the offer of employment represented permanent, full time, work.

(34)     Additionally, the employer was required to provide a geographical work site location where the alien would perform his job, and was required to sign the form ETA 750 under penalty of perjury, attesting that the information contained in the application was true and correct.

(35)     Once reviewed, the SWA transmitted the complete application from the employer to the appropriate National Processing Center.  However, it was not necessary for the employer to name each temporary foreign worker it wished to employ; instead the employer could submit a request for multiple unnamed alien workers as long as each worker was to perform the same type of

18

work on the same terms and conditions, in the same occupation, in the same area(s) of intended employment during the same period of time. In this regard, certification was issued to the employer, rather than the worker, and was not transferable from employers or workers.

(36)    Consequently, a temporary labor certification was valid only for the number of aliens, the occupation, the geographical area of employment, the specific occupation and duties, and the period of time the employer specified on the Application for Alien Employment Certification, ETA Form 750.  Therefore, if the temporary H-2B alien worker entered the United States to work for an employer other than the petitioning employer on the ETA 750 form, their work authorization and immigration status was rendered invalid.

(37)    After the DOL certified an employer's Application for Alien Employment, the employer must file with CIS a separate petition commonly known as a "Petition for Nonimmigrant Worker" (form I-129), along with the certified ETA 750 and approval notice from the DOL. Accordingly, on the form I-129, the employer must certify that it will comply with the terms of the Application for Alien Employment and specify the job in which the foreign national would be employed, the address at which the work would be performed, the wage, the current number of foreign nationals employed, and the employer's gross and net annual income.  Lastly, the employer was required to sign the I-129 petition under penalty of perjury, attesting that the petition and the evidence submitted with it was true and correct.

(38)    Pursuant to DOL regulations, the petitioner on the form I-129 was the only entity allowed to employ the temporary H-2B alien workers.  Thus, if the temporary H-2B alien entered the United States and worked for an employer other than the petitioner, their work authorization and immigration status was rendered invalid.

(39)    The Missouri Department of Economic Development (MDED) was a state agency

designated by statute for the initial receipt of Applications for Alien Employment Certification (forms ETA 750) on behalf of the DOL.

(40)     The Kansas Department of Commerce (KDOC) was a state agency designated by statute for the initial receipt of Applications for Alien Employment Certification (forms ETA 750) on behalf of DOL.

**THE ENTERPRISE**

(41)     Defendants ASKARKHODJAEV,  YUNUSOV, SHUKUROV, DOUGHERTY, FAZILOV, SIMON, ABDOOLLAYEV, COLE, AGZAMOV, KAKHKHAROV, GIANT LABOR SOLUTIONS, LLC, CRYSTAL MANAGEMENT, INC., and FIVE STAR CLEANING, LLC, and others known and unknown to the grand jury, including ABB Maintenance, Anchor Building Services Inc., KC Janitorial Services, LLC, Laborfix International, Midwest Management, Inc., MMC Professional Cleaning, Inc., People Inc., United Management, LLC, Advantage Labor Services, LLC, and Suncoast Hospitality Inc. constitute the "Enterprise" as that term is defined in Title 18 United States Code, § 1961(4), that is, a group of individuals and legal entities associated in fact. Furthermore, the Enterprise composed an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objective of the Enterprise, which was engaged in and its activities affected, both interstate and foreign commerce and  is herein referred to as the "Criminal Enterprise" or "Enterprise" interchangeably.

**MANNER AND MEANS**

(42)     The Enterprise led by Defendant Abror participated in the operation and management of the Enterprise, as the leader of the Enterprise and directed other members of the Enterprise in carrying out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

20

### Forced Labor Trafficking

(43)     The Enterprise was operated for the purpose of obtaining money by seeking labor leasing contracts, recruiting foreign nationals to come or remain in the United States for employment, and obtaining and controlling foreign nationals for labor to fulfill these contracts with client hotels and other businesses in locations as described in this indictment.

(44)     As part of these contracts with client hotels and other businesses, the Enterprise promised clients to comply with all pertinent labor and immigration laws, to pay all relative employment taxes, and to carry proper insurance coverage.  However, the Enterprise failed to pay the required employment taxes, failed to pay the H-2B workers for all hours worked, failed to pay the H-2B workers overtime, failed to pay their H-2B workers in a manner set forth in the terms, regulations and laws set forth by the DOL and the CIS, defrauded insurance companies in order to obtain the required insurance coverage for their employees, and employed foreign nationals that were not authorized to work in the United States.

(45)     The Enterprise profited by recruiting foreign nationals from both within the United States and abroad and created internet web sites in order to facilitate this effort.  The Enterprise recruited workers in the foreign nationals' home countries and charged the foreign nationals approximately $3,000 to $5,000 per person for what they represented as fees associated with obtaining a visa, and for the cost of transporting them into the United States and placing them in employment within the terms of the H-2B visa.  The Enterprise also sought foreign nationals within the United States whose H-2B visa work authorization status was nearing expiration and collected fees from $400 to $3000 from these foreign nationals to extend their authorizations.  Consequently, many of the foreign nationals took out loans, or the foreign national's family accrued debt on their behalf, to facilitate the payment of the fees charged by the Enterprise.

(46)     The Enterprise petitioned for hundreds of foreign workers

through the Missouri Department of Economic Development (MDED), Kansas Department of

Commerce (KDOC), DOL and CIS using false or misleading information in their applications  in

order to obtain certification and approval for H-2B work visa authorizations.  The Enterprise would

then violate the terms of the H-2B visas by placing the foreign nationals in employment with client

hotels and other business outside the terms of the H-2B visas.   For the foreign nationals already in

the United States, the Enterprise would fraudulently change the foreign national's sponsoring

employer to one associated with the Enterprise in violation of the visa terms.   Further, the

Enterprise would obtain the term of stay for the visas or the visa extensions for a term less than

promised to the foreign national.

(47)     The Enterprise required the foreign nationals work where the Enterprise assigned

them.  The Enterprise was already in violation of United States law and the H-2B visa provisions by

fraudulently changing the terms of the visas and/or placing the foreign nationals in employment in

violation of the H-2B visa certifications.  However, to maintain the labor and availability of the

foreign nationals as needed by the Enterprise, the Enterprise threatened to cancel the immigration

status of foreign nationals who refused to work as directed by the Enterprise.  The visas obtained by

the Enterprise for the foreign nationals were the workers' only means to remain legally within the

United States.  Thus, cancellation of their visas would render them illegally within the United States

and without the ability to find other legal employment.  The Enterprise also threatened to charge the

families of the foreign nationals in their home countries a fee of $5000 if they returned to their

home country illegally.

(48)     The Enterprise either would refuse to allow the foreign nationals to work outside the

assigned labor from the Enterprise or, in some instances, would allow the foreign nationals to work

at other places of employment if the additional work would not interfere with the work assigned by the Enterprise. For a foreign national worker to be released from the assigned employment from the Enterprise altogether, they had to pay a fee of $1000 to $2500 to the Enterprise to "freelance" and receive approval. Only after a worker paid the full freelance fee and received approval from the Enterprise would the worker be allowed to leave the work assigned by the Enterprise. Otherwise, the foreign national worker had to continue to work at all times for the employer assigned by the Enterprise.

(49) The Enterprise was in violation of United States law by paying the foreign nationals on a commission/incentive type basis rather than the prevailing hourly wage as certified to the DOL. The Enterprise paid some workers approximately $3.50 for a hotel room that they cleaned. The Enterprise profited by keeping a portion of each foreign national worker's wage, not paying them for all hours worked, failing to pay overtime, and by fraudulently retaining all payroll taxes.

(50) The Enterprise charged the foreign nationals additional fees, including transportation fees for driving the foreign national workers between the assigned work location and their apartments, transportation fees for driving the foreign nationals, even against their will, to other locations in the United States to work, uniform fees, miscellaneous and unexplained fees, and fees to petition for extensions on the foreign national workers' visas. These fees were charged regardless of whether an extension on their visa was actually obtained and regardless of whether the term of the stay on the original visa was shorter than promised by the Enterprise. These fees, combined with the lack of payment for hours worked, underpayment for hours worked, and lack of work assignments, often resulted in the foreign national workers receiving a paycheck with negative earnings. The Enterprise ensured that the workers did not make enough to repay the debt they

23

accrued to obtain the visa, purchase a plane ticket home, or pay for their own living expenses while in the United States.

(51)     The Enterprise further profited by requiring the foreign national workers to reside in apartments it exclusively secured and controlled by charging exorbitant rents. The Enterprise leased various apartments of $385 to $650 per month while requiring anywhere from three to eight foreign nationals to reside in the apartment, charging each of the foreign nationals between $250 and $350 per month for that apartment's rent. The apartments were not sex specific and usually mixed both men and women inside one apartment.   The Enterprise provided minimal furniture. The foreign nationals slept on the floor, mattresses, or air mattresses. In assuring compliance with the exclusive control of these living conditions, the Enterprise often threatened to cancel the immigration status of foreign nationals who requested permission to seek alternative housing.

(52)     The Enterprise further controlled the foreign national workers placed at the Kansas City area by not allowing the foreign national workers to receive mail. The Enterprise maintained keys to the apartments and to the apartment mailboxes and forwarded the worker's mail to the business office of the Enterprise.   The Enterprise completed the social security applications for the foreign nationals or instructed foreign nationals regarding applications, and required that the social security cards be mailed directly to the GLS business office or another address chosen by the Enterprise.

## H-2B Visa Fraud

### Fraudulent Applications for Alien Employment Certification

(53)     Defendant Abror used the Enterprise entities as a means to apply to DOL for Alien Employment Certifications (forms ETA 750). Specifically, defendant Abror presented and caused

to be presented to DOL, false and fraudulent statements in the supporting documentation for the Applications for Alien Employment Certification.

(54)     In this regard, the false and fraudulent statements included but were not limited to the following:

(a)     that the foreign nationals would work a specified number of hours per week at a specified rate of pay;

(b)     that the wage offered would not be based on commissions, bonuses, or incentives.

©     that the foreign nationals would perform specific jobs or duties;

(d)     that the foreign nationals would work for a particular company at specific geographical locations listed on the forms or in the applications;

(e)     that the Criminal Enterprise entity was able to pay the specified salary of the foreign nationals and place them to work upon arrival into the United States.

(55)     Additionally, the Enterprise provided false supporting documents to demonstrate temporary versus full-time work requirements in support of their applications. Specifically, the Enterprise compiled charts listing false historical salary schedules and fictitious employees often pre-dating the existence of many of the petitioning companies.

(56)     The entities established by defendant Abror and the Enterprise, including KC Janitorial Services, LLC, Suncoast Hospitality, Inc., Midwest Management, Inc., and United Management, LLC, and defendants Crystal Management, Inc. and Five Star Cleaning, LLC, were used by the Enterprise as petitioning nominee employers in its effort to obtain H-2B temporary work visas, permitting the Enterprise to fraudulently inflate the need for these workers. Furthermore, these entities handled the payroll functions for the Enterprise allowing it to

fraudulently avoid certain liabilities with respect to the payment of taxes, insurance premiums and overtime work benefits; and as nominee entities, they allowed defendants Abror and GLS to conceal and disguise illegal proceeds generated from the racketeering activity.

**Illegal Employment of Aliens Not Authorized to Work in the United States.**

(57)     The Criminal Enterprise hired, employed, harbored, induced and transported unauthorized aliens as part of the workforce it used to fulfill contracts with clients for housekeeping, cleaning services and other duties.  In this regard, as part of this scheme, the Enterprise defrauded the alien employees, the client hotel/resorts, legitimate competitor labor leasing companies and the United States.  Specifically, the Enterprise fraudulently failed to provide the employees with workers' compensation and overtime benefits and jeopardized their immigration status by employing them in a manner contrary to the provisions of immigration law.  The Enterprise defrauded the hotel/resort clients by employing unauthorized alien workers and failing to provide worker's compensation insurance and deducting payroll taxes as promised.  The Enterprise defrauded legitimate labor leasing companies by fraudulently reducing the above costs and thus stifling competition, and lastly the Enterprise defrauded the United States by causing it to issue the limited amount of H-2B visas contrary to immigration laws and regulations prescribed thereunder.

(58)     In this regard, some of the  aliens entered the United States illegally without inspection, while others entered on B1/B2 visitor visas and F-1 student visas that did not authorize work in the United States.  Additionally, some aliens were employed in the United States for the Enterprise under expired J-1 work visas.

(59)     The enterprise also fraudulently utilized aliens on H-2B temporary work visas which authorized them to work for a specific job in a certain geographical area within the United States.

26

However, the Enterprise employed these H-2B visa holders in unauthorized positions or in unauthorized geographical areas in violation of DOL and CIS regulations.

## THE RACKETEERING VIOLATION

(60)   From on or about January 2001, continuing through the date of this indictment, in the Western District of Missouri and elsewhere,

Abrorkhodja Askarkhodjaev,

Nodir Yunusov,

Rustamjon Shukurov,

Kristin Dougherty,

Ilkham Fazilov,

Viorel Simon,

Nodirbek N. Abdoollayev,

Andrew Cole,

Sandjar Agzamov,

Jakhongir Kakhkharov,

Giant Labor Solutions, LLC,

Crystal Management, Inc.,

and

Five Star Cleaning, LLC,

Defendants herein, together with persons both known and unknown to the Grand Jury, being persons employed by and associated with the Criminal Enterprise as described above, which Enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the

affairs of the Enterprise through a pattern of racketeering activity, that is, through the commission of Racketeering Acts 1 through 16 as set forth in paragraphs 62 through 87 below.

## THE PATTERN OF RACKETEERING ACTIVITY

(61)     The pattern of racketeering activity as defined in Title 18, United States Code, §§ 1961(1) and 1961(5), consisted of the following acts.

### Racketeering Act One
### (Forced Labor Trafficking)

(62)     Beginning on or about January 1, 2007, and continuing through the date of this indictment, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ANDREW COLE, and VIOREL SIMON, defendants herein, aiding and abetting each other and others, knowingly provided and obtained the labor and services of a person by means of serious harm and threats of serious harm to that person or another person, and by means of the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause the person to believe that, if the person did not perform such labor and services, that person or another person would suffer serious harm;

All in violation of 18 U.S.C. §§ 1589(a) and 2.

### Racketeering Act Two
### (Identity Theft)

(63)     The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two.

### Racketeering Act Two A

(64)     On or about February 19, 2002, in the Southern District of Ohio, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly used without lawful authority, a means of

28

identification of another person, to wit, the name of Abdumajid Maksudov, for the purpose of incorporating MMC Professional Cleaning, Inc., with the intent to commit mail fraud regarding the aforementioned scheme to secure labor leasing contracts as described in paragraphs one through fifty-nine of this indictment, contrary to the provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. § 1028(a)(7).

## Racketeering Act Two B

(65)     On or about August 20, 2002, in the District of Kansas, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly used without lawful authority, a means of identification of another person, to wit, the name of Abdumajid Maksudov, for the purpose of obtaining a Kansas drivers license and identification card, with the intent to commit mail fraud regarding the aforementioned scheme to secure labor leasing contracts as described in paragraphs one through fifty-nine of this indictment, contrary to the provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. § 1028(a)(7).

## Racketeering Act Two C

(66)     On or about November 4, 2002, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly used without lawful authority, a means of identification of another person, to wit, the name of Abdumajid Maksudov, for the purpose of establishing MMC Professional Cleaning, Inc. account number 90013891, at First National Bank, with the intent to commit mail fraud regarding the aforementioned scheme to secure labor leasing contracts as described in paragraphs one through fifty-nine of this indictment, contrary to the provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. § 1028(a)(7).

**Racketeering Act Two D**

(67)     On or about June 19, 2003, in the Western District of Missouri and elsewhere,

ABRORKHODJA ASKARKHODJAEV and NODIRBEK ABDOOLLAYEV, defendants herein,

aiding and abetting each other and others, knowingly used without lawful authority, a means of

identification of another person, to wit, the name of Abdumajid Maksudov for the purpose of

establishing defendant Abdoollayev as a signatory of the MMC Professional Cleaning, Inc. account

number  90013891, with First National Bank, with the intent to commit mail fraud regarding the

aforementioned scheme to secure labor leasing contracts as described in paragraphs one through

fifty-nine of this indictment, contrary to the provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. §§ 1028(a)(7) and 2.

**Racketeering Act Three**
**(Identity Theft)**

(68)     On or  about April 26, 2005, in the Western District of Missouri and elsewhere,

SANDJAR AGZAMOV, defendant herein, knowingly used without lawful authority, a means of

identification of another person, to wit, the name of Farukh Akhmedov, for the purpose of

establishing KC Janitorial Services, LLC account numbers 5091116607, at Bank of America, with

the intent to commit mail fraud regarding the aforementioned scheme to secure labor leasing

contracts as described in paragraphs one through fifty-nine of this indictment, contrary to the

provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. § 1028(a)(7).

**Racketeering Act Four**
**(Harboring Illegal Aliens)**

(69)     Beginning on or about November 2002 and continuing through on or about

September 2005, in the Western District of Missouri and elsewhere, ABRORKHODJA

ASKARKHODJAEV defendant herein, in conjunction with MMC Professional Cleaning, Inc. knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below listed, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain:

| ALIEN LAST NAME | FIRST NAME |
|---|---|
| Abdukarimova | Matlyuba Kasimovn |
| Abladjanova | Zulfia |
| Achilov | Bakhtiyor |
| Adilov | Elyor |
| AGZAMOV | SANDJAR |
| Akhmedova | Nazira |
| Alimova | Dano |
| Alimbaeva | Rana |
| Amidjanova | Mavjuda |
| Baltavaeva | Mukhabbat |
| Brana | Vasiliy |
| Brozova | Andrea |
| Dadaboeva | Karima |
| Daminov | Otabek |
| Fazilova | Umida |
| Hennel | Villiam |
| Herrera | Isaias |
| Ibragimov | Otabek |
| Iminova | Umrinisa |
| Inogamova | Muparrakh |
| Isakova | Hamidullo Khabibullayevie |
| Kasimova | Zukhra |
| Khakimdjanov | Aziz |
| Khayrutdinov | Dmitriy Valeryevichi |
| Khikmatullaeva | Munavar |
| Kholmukhamedov | Shovkat |
| Khojaeva | Suraiyo |
| Krivonosova | Natalia |
| Kropanev | Dmitry A. |
| Kurbanova | Khalchan |
| Kurzok | Peter |
| Madjitov | Ravshanbek |
| Magzumova | Nasiba Abidovna |
| Makhamadjonov | Usmon Makhamad |
| Mamyrbaev | Gunar |
| Matniyazov | Farkhod |
| Mengr | Jiri |
| Meyer | Nijole |
| Mikhaylenka | Anton |
| Mirazimova | Gulsara |
| Nazarova | Nazira |
| Nuriddinova | Sevar |
| Nuriyev | Shakhobidin |
| Parada | Krystina |
| Parmonjulova | Mashkura |

| ALIEN LAST NAME | FIRST NAME |
|---|---|
| Paz | Dennis |
| Podchahanova | Gulnora |
| Pognaeva | Olesya |
| Pulatov | Tokhir |
| Qalandarov | Ahmadjon |
| Rahimov | Akmal |
| Rakhimberdiev | Kurshid |
| Rakhmanov | Rikhsitilla |
| Rasi | Krisztina |
| Salimova | Gulbakhor |
| Saraikina | Viktoriya |
| Seitkaliyeva | Nurlygul |
| Semionicheva | Natalia |
| Shakirova | Raisa |
| Sobiech | Tomasz |
| Sultanova | Metluba (Matlyuba) |
| Tashpulatov | Shavkat |
| Umarkhodjaev | Elbek Ulmasovich |
| Vernigora | Natalya |
| Votavova | Eva |
| Waracki | Mariusz Karol |
| Yadgekkhodjaev | Kamel |
| Yanechko | Anatoly |
| Yunusov | Abdumannop |
| Yunusov | Khayrulla |
| Yusupova | Shoira |
| Yusupova | Lobarkhon |
| Zakirova | Barno |
| Zarechnyi | Aleksandr |
| Zdarilova | Dagmar |
| Zukhritdinova | Lola |

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

## Racketeering Act Five
### (Harboring Illegal Aliens)

(70)     Beginning on or about January 1, 2005 and continuing through on or about June 15,

2007, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV,

SANDJAR AGZAMOV, and GIANT LABOR SOLUTIONS, LLC aiding and abetting each other

and others, in conjunction with KC Janitorial Services, LLC, knowingly and in reckless disregard of

the fact that an alien, namely, one of the persons below listed, had come to, entered and remained in

the United States in violation of law, concealed, harbored and shielded from detection, such alien in

buildings and other places for the purpose of commercial advantage and private financial gain:

32

| ALIEN LAST NAME | FIRST NAME |
| --- | --- |
| Abdolhossein | Afshari |
| Alimova | Dano |
| Akhatov | Aynur |
| Akhmedov | Farukh |
| Atabaeva | Gulnoza |
| Aushakimova | Aizhan |
| Baisov | Alisher |
| Balasevicuite | Joana |
| Beltran | Irene |
| Bratchenkova | Olesya |
| Castillo | Ashli Rubi Estrada |
| Chirkov | Eugeniy |
| Coto | Alberto Salazar |
| Daurenbekova | Assel |
| Fazilov | Ilkham |
| Fazilova | Umida |
| Fernandez | Erick |
| Flores | Sahmino  (Sabino) |
| Gomez | Maria |
| Hernandez | Rubi |
| Hrebenkin | Andriy |
| Ibarra | Alejandro |
| Ibragimov | Bokhodir |
| IBRAGIMOV | OTABEK |
| Kadeedang | Kanokwan |
| Kadirova | Mavlyuda |
| Karimov | Abdurazak |
| Karzhaubayeva | Indira |
| Khankhodjaeva | Zamira |
| Khodjimetov | Dilmunod |
| Kholtaev | Shukhratilla |
| Khojaeva | Suraiyo |
| Klebleya | Aziz |
| Konuk | Ahmet |
| Kovacova | Julia |
| Kozhabayeva | Aisulu |
| Kuliyeva | Rejepgul |
| Lutska | Olga |
| Lyubavina | Alexandrea |
| Mazhirova | Assel |
| Melendres | Jose |
| Mirkhazov | Rail |
| Mirkhazov | Ruslan |
| Mirzahojaev | Sattor |
| Mirzahojaeva | Ogida |
| Mubarakshin | Bulat |
| Mukumov | Umid |
| Mygovych | Tamila |
| Narkamba | Maureen Joan |
| Nasef | Wael |
| Nazarova | Nazira |
| Nizamov | Avazbek |
| Normatov | Shavkat |
| Nuriyev | Shakhobidin |
| Nurk | Margus |
| Nurmuhamedov | Erkin |
| Pakhomov | Arkadiy |
| Pancatekid | Kamonchanok |
| Pinto | Ana |

Case 4:09-cr-00143-ODS   Document 1   Filed 05/06/09   Page 33 of 90

| ALIEN LAST NAME | FIRST NAME |
|---|---|
| Prudka | Kateryna |
| Puzanova | Ganna |
| Rahimov | Ruslan K. |
| Rakhimberdiev | Kurshid |
| Rakhmanov | Rikhsitilla |
| Recinos | Gladis |
| Reznik | Sasha |
| Rezreihov | Arkadiy |
| Ribar | Dobrijela |
| Ruzieva | Mukarram |
| Salas | Claudia |
| Shorohova | Oksanna |
| SHUKUROV | RUSTAMJON |
| Shunichi | Ishida |
| Solikhov | Nizomiddin |
| Stanislavovna | Anna Kasyanova |
| Stanislaw | Janusz |
| Subkhaughlova | Rozaliya |
| Sultanova | Metluba (Matlyuba) |
| Tashbaev | Nurulla |
| Tejada | Norma |
| Valeryevna | Natalia |
| Vladimirovna | Elena |
| Warsaw | Natalia |
| Yessenkulova | Jamilya |
| Yuldashev | Otabek |
| YULDASHEV | NODIR |
| Yunusov | Khayrulla |
| YUNUSOV | NODIR |
| Yusupov | Zokhid |
| Zamorron | Juan |
| Zolotareva | Yana |
| Zukhritdinova | Lola |

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

**Racketeering Act Six**
**(Mail Fraud)**

(71) The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Six.

(72)     On or about the dates listed below, ABRORKHODJA ASKARKHODJAEV, defendant herein, in the Western District of Missouri, for the purpose of executing the aforementioned scheme to obtain labor leasing contracts as described in paragraphs one through fifty-nine of this indictment, by means of material false and fraudulent representations, did

34

knowingly cause to be deposited in an authorized depository for mail matter, the following checks

to be sent and delivered by the United States Postal Service:

| Racketeering Act | Date of Mailing | Description of Mailed Check | Amount of Proceeds |
|---|---|---|---|
| 6 A | 7/28/05 | Check # 92111 from the Hilton-Embassy Suites Hotel | $10,483.24 |
| 6 B | 7/28/05 | Check # 88807 from the Hotel Phillips | 5,361.00 |
| 6 C | 7/26/05 | Check # 114785 from Pointe Royale Properties | 2,020.99 |
| 6 D | 12/5/05 | Check # 51256 from Westin Crown Center | 15,476.18 |
| 6 E | 12/21/05 | Check # 51525 from Westin Crown Center | 11,480.63 |
| 6 F | 12/21/05 | Check # 105988 from Hilton-Embassy Suites | 3,082.75 |
| 6 G | 12/22/05 | Check # 100174 from Hotel Phillips | 9,498.00 |
| 6 H | 12/21/05 | Check # 6127 from Hilton Doubletree Hotel | 731.50 |
| 6 I | 12/22/05 | Check # 6150 from Hilton Doubletree Hotel | 8,331.50 |
| 6 J | 5/3/06 | Check # 53391 from Westin Crown Center | 20,395.99 |
| 6 K | 4/26/06 | Check # 53278 from Westin Crown Center | 7,553.82 |
| 6 L | 5/1/06 | Check # 7541 from Hilton Doubletree Hotel | 7,205.25 |
| 6 M | 6/1/06 | Check # 53821 from Westin Crown Center | 13,474.01 |
| 6 N | 6/1/06 | Check # 53706 from Westin Crown Center | 27,194.71 |
| 6 O | 7/12/06 | Check # 54359 from Westin Crown Center | 28,362.76 |

35

| Racketeering Act | Date of Mailing | Description of Mailed Check | Amount of Proceeds |
|---|---|---|---|
| 6 P | 8/3/06 | Check # 118142 from Hotel Phillips | 14,609.67 |
| 6 Q | 8/2/06 | Check # 8567 from Hilton Doubletree Hotel | 13,479.43 |
| 6 R | 8/23/06 | Check # 55006 from Westin Crown Center | 57,476.28 |
| 6 S | 8/30/06 | Check # 55101 from Westin Crown Center | 32,699.58 |
| 6 T | 9/22/06 | Check # 7409 from Branson Creek Golf Club | 2,055.10 |
| 6 U | 9/27/06 | Check # 55458 from Westin Crown Center | 50,758.52 |
| 6 V | 11/3/06 | Check # 9499 from Doubletree Hotel | 26,992.96 |
| 6 W | 11/21/06 | Check # 134927 from Hilton-Embassy Suites Hotel | 7,830.38 |
| 6 X | 11/17/06 | Check # 9656 from Hilton Doubletree Hotel | 5,842.74 |
| 6 Y | 11/14/06 | Check # 7526 from Branson Creek Golf Club | 1,077.50 |
| 6 Z | 12/6/06 | Check # 56634 from Westin Crown Center | 42,154.14 |
| 6 AA | 2/14/07 | Check # 57572 from Westin Crown Center | 13,055.28 |
| 6 BB | 2/15/07 | Check # 23911 from Sheraton-Overland Park | 4,161.31 |
| 6 CC | 4/18/07 | Check # 58503 from Westin Crown Center | 23,912.88 |
| 6 DD | 4/25/07 | Check # 147314 from Hilton-Embassy Suites Hotel | 6,336.19 |
| 6 EE | 4/27/07 | Check # 143033 from Hotel Phillips | 2,540.00 |

36

| Racketeering Act | Date of Mailing | Description of Mailed Check | Amount of Proceeds |
|---|---|---|---|
| 6 FF | 5/23/07 | Check # 59008 from Westin Crown Center | 23,009.54 |
| 6 GG | 6/6/07 | Check # 59248 from Westin Crown Center | 21,377.48 |
| 6 HH | 6/13/07 | Check # 59441 from Westin Crown Center | 10,515.38 |
| 6 II | 6/13/07 | Check # 1105 from Hilton Doubletree Hotel | 10,047.42 |
| 6 JJ | 6/15/07 | Check # 600818 from Union Station Restaurant Groups | 2,771.16 |
| 6 KK | 6/28/07 | Check # 152749 from Hilton-Embassy Suites | 4,277.39 |
| 6 LL | 6/28/07 | Check # 148841 from Hotel Phillips | 940.00 |
| 6 MM | 6/27/07 | Check # 59651 from Westin Crown Center | 11,984.22 |
| 6 NN | 6/20/07 | Check # 59554 from Westin Crown Center | 13,568.60 |
| 6 OO | 7/19/07 | Check # 64569 from Kato Roofing | 2,040.00 |
| 6 PP | 7/18/07 | Check # 7221 from High Side Adventure Tours | 2,812.50 |
| 6 QQ | 7/20/07 | Check # 150853 from Hotel Phillips | 1,870.00 |
| 6 RR | 7/20/07 | Check # 4551378 from Marriott Convention Center | 768.00 |
| 6 SS | 7/18/07 | Check # 60179 from Westin Crown Center | 906.75 |
| 6 TT | 7/11/07 | Check # 59853 from Westin Crown Center | 26,228.89 |
| 6 UU | 7/26/07 | Check # 151388 from Hotel Phillips | 930.00 |
| 6 VV | 7/23/07 | Check # 125 from Sheraton-Plaza | 7,683.04 |

37

| Racketeering Act | Date of Mailing | Description of Mailed Check | Amount of Proceeds |
|---|---|---|---|
| 6 WW | 7/26/07 | Check # 60277 from Westin Crown Center | 21,045.40 |
| 6 XX | 7/26/07 | Check # 64603 from Kato Roofing | 2,296.00 |
| 6 YY | 7/25/07 | Check # 1446 from Hilton-Doubletree Hotel | 15,973.07 |
| 6 ZZ | 8/8/07 | Check # 60513 from Westin Crown Center | 13,901.57 |
| 6 AAA | 8/9/07 | Check # 1599 from Hilton-Doubletree Hotel | 16,540.92 |
| 6 BBB | 8/7/07 | Check # 4591997 from Marriott-Overland Park | 1,485.01 |
| 6 CCC | 8/10/07 | Check # 64667 from Kato Roofing | 2,904.00 |
| 6 DDD | 8/9/07 | Check # 152636 from Hotel Phillips | 300.00 |
| 6 EEE | 8/29/07 | Check # 60798 from Westin Crown Center | 35,366.42 |
| 6 FFF | 8/30/07 | Check # 158203 from Hilton-Embassy Suites | 2,676.63 |
| 6 GGG | 8/30/07 | Check # 154619 from Hotel Phillips | 560.00 |
| 6 HHH | 8/30/07 | Check # 1793 from Hilton-Doubletree Hotel | 275.44 |
| 6 III | 9/18/07 | Check # 61106 from Hilton Crown Center | 50,522.29 |
| 6 JJJ | 9/18/07 | Check # 61105 from Westin Crown Center | 1,750.14 |
| 6 KKK | 10/9/07 | Check # 600913 from Union Station Restaurant Group | 1,408.60 |
| 6 LLL | 10/2/07 | Check # 589 from Sheraton-Plaza | 1,431.01 |
| 6 MMM | 10/1/07 | Check # 160888 from Hilton-Embassy Suites Hotel | 4,894.89 |

Case 4:09-cr-00143-ODS   Document 1   Filed 05/06/09   Page 38 of 90

| Racketeering Act | Date of Mailing | Description of Mailed Check | Amount of Proceeds |
|---|---|---|---|
| 6 NNN | 10/3/07 | Check # 61418 from Westin Crown Center | 29,783.65 |
| 6 OOO | 11/15/07 | Check # 62032 from Westin Crown Center | 31,399.28 |
| 6 PPP | 12/10/07 | Check # 62351 from Westin Crown Center | 30,400.93 |
| 6 QQQ | 12/7/07 | Check # 12132 from Sheraton-Overland Park | 1,467.77 |
| 6 RRR | 2/20/08 | Check # 63275 from Westin Crown Center | 18,437.26 |
| 6 SSS | 3/26/08 | Check # 63785 from Westin Crown Center | 17,094.89 |
| 6 TTT | 5/6/08 | Check # 64273 from Westin Crown Center | 17,900.25 |
| 6 UUU | 6/5/08 | Check # 64705 from Westin Crown Center | 11,416.25 |

All in violation of 18 U.S.C. § 1341.

## Racketeering Act Seven
## (Money Laundering Conspiracy)

(73)     From on or about August 15, 2005, and continuing through on or about June 10,

2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV,

ILKHAM FAZILOV, SANDJAR AGZAMOV, JAKHONGIR KAKHKHAROV, GIANT LABOR

SOLUTIONS, LLC and FIVE STAR CLEANING, LLC, defendants herein, did knowingly

combine, conspire, and agree with each other and with other persons known and unknown to the

Grand Jury to commit offenses against the United States in violation of Title 18, United States

Code, Section 1956, to wit:  to knowingly conduct and attempt to conduct financial transactions

affecting interstate commerce and foreign commerce, which transactions involved the proceeds of

specified unlawful activity, that is, mail fraud, as part of the aforementioned scheme to obtain labor leasing contracts, as described in paragraphs one through fifty-nine of this indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of 18 U.S.C. § 1956(h).

### Racketeering Act Eight
### (Transportation of Illegal Aliens)

(74)     Beginning on or about January 15, 2009 and continuing through on or about January 17, 2009, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, VIOREL SIMON, RUSTAMJON SHUKUROV, ANDREW COLE, GIANT LABOR SOLUTIONS, LLC., and  CRYSTAL MANAGEMENT, INC. defendants herein, aiding and abetting each other and others, knowingly and in reckless disregard of the fact that one of the below listed twelve aliens have come to, entered and remained in the United States in violation of law, did move and attempted to transport and move such alien within the United States by means of transportation or otherwise, that is, by transporting the alien by defendant GLS vehicle to Wyoming from Kansas City, Missouri, in furtherance of such violation of law:

| ALIEN LAST NAME | FIRST NAME |
|---|---|
| Iasac | Elena |
| Chenih | Lidia |
| Brant | Novlyn |
| Henry | Ann Marie |
| Buchanan | Gary |
| Sheilds | Sherin |
| Folks | Shernette |
| Forde | Bridgette |
| Henlon | Jacquelin |

| Dickson | Marcia |
| Daley | Veneshia |
| Stone | Rhomio |

All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

### Racketeering Act Nine
### Fraudulent Application for Alien Employment Certification
### (Visa Fraud)

(75)     The defendants named below committed the following acts, any of one of which

alone constitutes the commission of Racketeering Act Nine.

(76)     On or about the dates listed below, ABRORKHODJA ASKARKHODJAEV,

NODIR YUNUSOV, RUSTAMJON SHUKUROV,  ILKHAM FAZILOV, GIANT LABOR

SOLUTIONS, LLC., CRYSTAL MANAGEMENT, INC., and FIVE STAR CLEANING LLC.,

defendants herein, aiding and abetting each other and others, in the Western District of  Missouri

and elsewhere, that is, defendants did knowingly make under oath and certify under penalty of

perjury, pursuant to 28 U.S.C. § 1746, and knowingly subscribed as true, a false statement with

respect to a material fact in an application required by the immigration laws or regulations

prescribed thereunder, to the DOL in applications for Alien Employment Certification, forms ETA

750, in that the below listed defendants falsely attested the following: that defendants Giant Labor

Solutions, LLC, Crystal Management, Inc., and Five Star Cleaning, LLC annually employed an

inflated number of workers; that these entities compensated workers through an hourly prevailing

wage based on a forty hour week, rather than by commissions, bonuses and other incentives; that

these entities were prepared to employ alien workers on and before their proposed entrance into the

United States; and that the work conditions and occupational environment provided by these entities

were not contrary to federal, state and local law which statements the above defendants then and

there knew were false, that is, the above listed entities did not employ the amount of workers

41

claimed; that these entities did not compensate their workers through the prevailing wage based on a forty hour week; that the entities were not prepared to employ alien workers on and before their proposed entrance into the United States, and that the work conditions and occupational environment provided by these entities was contrary to federal, state and local law:

| Racketeering Act | Date | Defendant | No. Of Requested Workers | ETA 750 Case Number |
|---|---|---|---|---|
| 9 A | January 5, 2007 | Askarkhodjaev GLS | 200 | C-07064-23292 |
| 9 B | November 29, 2007 | Askarkhodjaev GLS | 110 | C-08017-35075 |
| 9 C | November 29, 2007 | Askarkhodjaev GLS | 174 | C-07362-33099 |
| 9 D | April 29, 2008 | Yunusov Crystal Mgmt., Inc. | 135 | C-08142-37125 |
| 9 E | April 29, 2008 | Yunusov Crystal Mgmt., Inc. | 129 | C-08141-37107 |
| 9 F | May 12, 2008 | Yunusov Crystal Mgmt., Inc. | 37 | C-08161-37308 |
| 9 G | May 20, 2008 | Fazilov Five Star Cleaning, LLC | 87 | C-08168-37386 |
| 9 H | August 6, 2008 | Shukurov | 265 | Kansas |
| 9 I | September 9, 2008 | Shukurov | 198 | Missouri |
| 9 J | September 30, 2008 | Askarkhodjaev GLS | 95 | C-08310-40907 |
| 9 K | September 30, 2008 | Askarkhodjaev GLS | 79 | C-08303-40473 |

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## Racketeering Act Ten
### (Harboring Illegal Aliens)

(77)    Beginning on or about July 9, 2007 and continuing through on or about February 8, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV,

42

JAKHONGIR KAKHKHAROV, and GIANT LABOR SOLUTIONS, LLC., defendants herein,

aiding and abetting each other and others, in conjunction with Midwest Management, Inc.,

knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below

listed, had come to, entered and remained in the United States in violation of law, concealed,

harbored and shielded from detection such alien in buildings and other places for the purpose of

commercial advantage and private financial gain:

| ALIEN LAST NAME | FIRST NAME |
|---|---|
| Assainova | Rika |
| Alimova | Dano |
| Coto | Alberto Salazar |
| Flores | Sahmino  (Sabino) |
| Francois | Vesnel (Vesta) |
| Furadilov | Daniyarbek |
| Gonzalez | Jorge |
| Haragimova | Akmarat |
| Horev | Tatyana |
| Karnakbayeva | Malika |
| Kholtaev | Shukhratilla |
| Khojaeva | Suraiyo |
| Kuliyeva | Rejepgul |
| Khojaeva | Suriayo |
| Mendez | Arturo Castrejon |
| Narkamba | Maureen Joan |
| Nazarova | Nazira |
| Pakhomov | Arkadiy |
| Recinos | Gladis |
| Sarenao | Davor |
| Shunichi | Ishida |
| Subkhaughlova | Rozaliya |
| Tashbaev | Nurulla |
| Tejada | Norma |
| Zamorron | Juan |

All in violation of  8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

**Racketeering Act Eleven**
**Fraudulent Petition for Nonimmigrant Worker**
**(Visa Fraud)**

(78)     The defendants named below committed the following acts, any one of which alone

constitutes the commission of Racketeering Act Eleven.

43

(79)    On or about the dates listed below, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, ILKHAM FAZILOV, and NODIRBEK ABDOOLLAYEV, defendants herein, aiding and abetting each other and others, in the Western District of Missouri and elsewhere, knowingly presented and caused to be presented to CIS documents required by the Immigration laws and regulations prescribed thereunder, to wit:  INS form I-129 "Petition for Nonimmigrant Worker," containing the below listed material false statements, which the defendants then and there knew were false, in that, the aliens were not all employed for light cleaning and maintenance or housekeepers on a full time basis; that the aliens did not all earn, at least $279.20 weekly; that the aliens were not all employed at locations within the states of Kansas or Missouri; that the companies listed including defendants Giant Labor Solutions, LLC, Crystal Management, Inc., and Five Star Cleaning, LLC, did not employ the number of workers stated; and that these entities did not earn the amount of annual gross and net income claimed:

| Racketeering Act | Date | Defendants | False Statements by Defendant | Petition Number |
|---|---|---|---|---|
| 11A | July 12, 2007 | Askarkhodjaev Abdoollayev | that 33 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $271.60 at locations in Missouri specified on the petition. | WAC0721350754 |
| 11B | July 31, 2007 | Askarkhodjaev Abdoollayev | that 17 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $271.60 at locations in Missouri specified on the petition. | WAC0722851872 |
| 11C | October 1, 2007 | Askarkhodjaev Abdoollayev | that 8 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $271.60 at locations in Missouri specified on the petition. | WAC0800150873 |
| 11D | April 3, 2008 | Askarkhodjaev | that 46 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0812950672 |
| 11E | April 21, 2008 | Askarkhodjaev | that 15 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20;  at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0814354439 |
| 11F | April 30, 2008 | Askarkhodjaev | that 43 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0815053825 |
| 11G | May 2, 2008 | Askarkhodjaev | that 38 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0815250361 |

| Racketeering Act | Date | Defendants | False Statements by Defendant | Petition Number |
|---|---|---|---|---|
| 11H | May 28, 2008 | Askarkhodjaev | that 9 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0816951178 |
| 11I | May 29, 2008 | Yunusov | that 133 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant Crystal earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0817052296 |
| 11J | June 17, 2008 | Askarkhodjaev | that 12 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0818351452 |
| 11K | June 23, 2008 | Yunusov | that 37 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant  Crystal earning a weekly wage of $338.80; at locations in Massachusetts specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | EAC0818650670 |
| 11L | June 30, 2008 | Fazilov | that 82 aliens would be employed for cleaning and maintaining as housekeepers on a full-time basis by defendant Five Star earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 28 employees and an Annual Gross Income of $1,596,334.48 and Net Annual Income was $126,157.62 | WAC0819250919 |
| 11M | July 1, 2008 | Askarkhodjaev | that 9 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0819351084 |
| 11N | July 1, 2008 | Yunusov | that 129 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant Crystal earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0819350844 |
| 11O | July 28, 2008 | Askarkhodjaev | that 56 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income was $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0821551869 |
| 11P | August 8, 2008 | Askarkhodjaev | that 12 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20;  at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0822051546 |
| 11Q | August 25, 2008 | Askarkhodjaev | that 16 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0823150780 |
| 11R | September 10, 2008 | Yunusov | that 6 aliens would employed for light cleaning duties as housekeepers on a full-time basis by defendant  Crystal earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0824251779 |

| Racketeering Act | Date | Defendants | False Statements by Defendant | Petition Number |
|---|---|---|---|---|
| 11S | September 22, 2008 | Askarkhodjaev | that 21 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $279.20; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0825051082 |
| 11T | October 7, 2008 | Fazilov | that 50 aliens would be employed for light housekeeping duties as housekeepers on a full-time basis by defendant Five Star earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 92 employees and an Annual Gross Income of $1,596,334.48 and Net Annual Income was $126,157.62 | WAC0900551392 |
| 11U | December 1, 2008 | Yunusov | that 37 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant Crystal earning a weekly wage of $338.80; at locations in Massachusetts specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | EAC0904550948 |
| 11V | December 3, 2008 | Askarkhodjaev | that 87 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $308.40; at locations in Missouri specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0904350833 |
| 11W | December 3, 2008 | Askarkhodjaev | that 78 aliens would be employed for light cleaning duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $308.40; at locations in Kansas specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0904350800 |
| 11X | January 15, 2009 | Yunusov | that 1 alien would be employed for light cleaning duties as housekeepers on a full-time basis by defendant Crystal earning a weekly wage of $320.00; at locations in Missouri specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0907150432 |

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## Racketeering Act Twelve
## (Harboring Illegal Aliens)

(80)    Beginning on or about December 1, 2007 and continuing through on or about February 29, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, ILKHAM FAZILOV, and FIVE STAR CLEANING, LLC, defendants herein, aiding and abetting each other and others, knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below listed, had come to, entered and remained in the United States in violation of law, concealed, harbored and shielded from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain:

| ALIEN LAST NAME | FIRST NAME |
| --- | --- |
| Abdolhossein | Afshari |
| Alarcon | Fernando |
| Alarcon | Manuel |
| Alimova | Dano |
| Coto | Alberto Salazar |
| Diemke | Mateusz |
| Francois | Vesnel |
| Gonzalez | Delfina (Delfino) |
| Hernandez | Jacinta |
| Imanalievoi | Ialgonai |
| Karnakbayeva | Malika |
| Kayumova | Orzu |
| Kuliyeva | Rejepgul |
| Lutska | Olga |
| Mendez | Arturo Castrejon |
| Musanu | Freud |
| Perez | Silvia |
| Pinto | Ana |
| Recinos | Gladis |
| Rezreihov | Arkadiy |
| Sarenao | Davor |
| Tejada | Norma |
| Tolgonai | Imanalieva |
| Zamorron | Nicolasa |

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

## Racketeering Act Thirteen

(81) The defendants named below committed the following acts, any of which alone constitutes the commission of Racketeering Act Thirteen.

## Racketeering Act Thirteen A
## (Hobbs Act Extortion)

(82)  Beginning on or about between December 1, 2007 and continuing through on or about January 2, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, RUSTAMJON SHUKUROV, and NODIR YUNUSOV, defendants herein, aiding and abetting each other and others, knowingly obstructed, delayed, affected and attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by extortion, as those terms are defined in 18 U.S.C. § 1951, that is, that defendants obtained and

47

attempted to obtain the property of defendant Kakhkharov with his consent induced by the wrongful

use of force, violence and fear;

All in violation of 18 U.S.C. §§ 1951(a) and 2.

### Racketeering Act Thirteen B
### (Interstate Travel in Aid of Racketeering)

(83)    Beginning on or about January 1, 2008, and continuing through on or about January

2, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA

ASKARKHODJAEV, RUSTAMJON SHUKUROV, and NODIR YUNUSOV, defendants herein,

aiding and abetting each other and others, traveled in interstate commerce from the state of Missouri

to the state of Kansas, with the intent to commit a crime of violence to further an unlawful activity,

that is, extortion, in violation of 18 U.S.C. § 1951(a), and thereafter committed and attempted to

commit the crime of violence to further such unlawful activity;

All in violation of 18 U.S.C. §§ 1952(a)(2) and 2.

### Racketeering Act Fourteen
### (Wire Fraud)

(84)    The defendants named below committed the following acts, any of one of which

alone constitutes the commission of Racketeering Act Fourteen.

(85)    On or about the dates listed below, ABRORKHODJA ASKARKHODJAEV,

NODIR YUNUSOV, RUSTAMJON SHUKUROV, and KRISTIN DOUGHERTY, defendants

herein, in the Western District of Missouri and elsewhere, having devised a scheme or artifice to

defraud and for the purpose of executing the aforementioned scheme to fraudulently obtain labor

leasing contracts, as described in paragraphs one through fifty-nine of this indictment, by means of

material false and fraudulent representations and pretenses, knowingly caused to be transmitted by

wire communications in interstate commerce, certain writings, e-mails, signs, signals and sounds, as described below:

| Racketeering Act | Date | Defendant | Description of Wire Communication |
|---|---|---|---|
| 14A | March 5, 2008 | Rustamjon Shukurov | E-mail re: hotel accounts receivables for Five Star Cleaning, LLC and GLS to ABROR from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14B | March 14, 2008 | Rustamjon Shukurov | E-mail re: the distribution and sale of H-2B visa extensions and job opportunities offered to foreign nationals by the Enterprise in Florida, South Carolina, Missouri, Louisiana, Alabama, Kansas and New Jersey, to Nicole Gottlieb from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14C | March 20, 2008 | Abrorkhodja Askarkhodjaev | E-mail re: the legality of employing unauthorized H-2B workers outside of the petitioned geographical area from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14D | March 27, 2008 | Nodir Yunusov | E-mail re: address for Crystal Management, Inc. Provided to ABROR in Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14E | April 22, 2008 | Abrorkhodja Askarkhodjaev | E-mail re: ABROR's co-ownership and common payroll with Crystal Management, Inc. and Giant Labor Solutions, Inc. and ABROR's inflated request for H-2B visa workers to Lisa Wood at Hilton Hotels, Inc. through Yahoo, Inc. outside the state of Missouri |
| 14F | June 18, 2008 | Nodir Yunusov | E-mail re: the availability of foreign nationals to find unauthorized employment and receive H-2B visa extensions to Georgi Hristov from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14G | June 21, 2008 | Nodir Yunusov | E-mail re: the increased cost of $1,000 for the extension of an unauthorized H-2B visa to Christine Redoblo from Kansas City, MO via Yahoo, Inc. outside the state of Missouri |
| 14H | June 21, 2008 | Nodir Yunusov | E-mail re: employment of housekeepers, housemen, laundry and lobby attendants, servers, bussers, and front office clerks by GLS in Houston, TX, New Orleans, LA, Kansas City, MO, Myrtle Beach, SC, Panama City, FL and Sedona, AZ from Kansas City, MO via Yahoo, Inc. outside the state of Missouri |

| Racketeering Act | Date | Defendant | Description of Wire Communication |
|---|---|---|---|
| 14I | July 2, 2008 | Kristin Dougherty | E-mail re: the fulfillment of labor leasing contracts in Panama City, Fl and Arizona from St. Louis, MO through Yahoo, Inc. outside the state of Missouri |
| 14J | July 7, 2008 | Kristin Dougherty | E-mail Re: the housing of foreign nationals used to fulfill labor leasing contracts from St. Louis, MO through Yahoo, Inc., outside the state of Missouri |
| 14K | July 30, 2008 | Nodir Yunusov | E-mail re: the option of foreign nationals remaining with the current employer or obtaining an unauthorized position with a non-H-2B petitioned company to Mehmet Ali Edgu in Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14L | August 14, 2008 | Nodir Yunusov | E-mail re: payment for the extension of H-2B visas to Viktor Cindric from Kansas City, Missouri through Yahoo, Inc. outside the state of Missouri |
| 14M | August 27, 2008 | Rustamjon Shukurov | E-mail re: database of clients for United Management, LLC to Nodir Yunusov from Kansas City, MO through Yahoo, Inc.outside the state of Missouri |
| 14N | August 28, 2008 | Nodir Yunusov | E-mail to Angelito Bagwan to work in an unauthorized H-2B position from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14O | September 2, 2008 | Rustamjon Shukurov | E-mail re: search terms for web sites maintained by the Enterprise to ABROR from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14P | September 7, 2008 | Nodir Yunusov | E-mail re: hotel references, a proposed Labor Services Agreement and the obligation of GLS to provide worker's compensation, insurance and unemployment benefits, and to deduct all payroll related taxes to Carol Tonnor at Yosemite Management Group in California from Kansas City, MO |
| 14Q | September 12, 2008 | Nodir Yunusov | E-mail re: employment opportunities of GLS at Atlantic City, NJ and Casper, WY to Mehmet Ali Edgu  from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14R | September 12, 2008 | Nodir Yunusov | E-mail re: the ability to find employment for foreign nationals throughout the United States and the option for H-2B visa holders to hold second jobs to Esther Arif from Kansas City, Missouri through Yahoo, Inc. outside the state of Missouri |

| Racketeering Act | Date | Defendant | Description of Wire Communication |
|---|---|---|---|
| 14S | September 14, 2008 | Nodir Yunusov | E-mail re: the affiliation of Crystal Management, Inc. to Giant Labor solutions, Inc. and the request of an inflated requirement for housekeeping jobs to Nazia LNU at the Belton Inn, Belton, MO from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14T | September 20, 2008 | Nodir Yunusov | E-mail re: biographical/employment information including the H-2B visa expiration dates for 241 employees to Rustamjon Shukurov in Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14U | September 22, 2008 | Nodir Yunusov | E-mail re: the collection of application fees and the recruitment of 249 Philippine workers to Romy Redelicia from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |
| 14V | September 23, 2008 | Nodir Yunusov | E-mail re: sales related documents including GLS services information to Viorel Simon at from Kansas City, MO through Yahoo, Inc. outside the state of Missouri |

All in violation 18 U.S.C. § 1343.

## Racketeering Act Fifteen
## (Inducing Illegal Entry)

(86)     On or about February 24, 2009, in the Western District of Missouri, NODIR

YUNUSOV, RUSTAMJON SHUKUROV, VIOREL SIMON and ANDREW COLE, defendants

herein, aiding and abetting each other and others, encouraged and induced an alien, namely one of

the persons below listed, to come to, enter and reside in the United States, knowing and in reckless

disregard of the fact that such coming to, entry, and residence in the United States was in violation

of law, for the purposes of commercial advantage and private financial gain:

| Last Name | First Name |
|---|---|
| Perdomo Garcia | Juan Carlos |
| Jimenez De La Cruz | Alex |
| Vicente Reynoso | Celis Daniel |
| Sanchez Puello | Elvira |
| Montero Montero | Fausto |

51

| Last Name | First Name |
|---|---|
| Luciano Rodriguez | Blanca Adriana |
| Gomez Urena | Henrry |
| Vargas Rodriguez | Jose Luis |
| Garcia Garcia | Norma Yris |
| Martinez De Jesus De Garcia | Carmen |
| Jimenez Paulino | Clemente Carlixto |
| De Jesus Garcia | Patria |
| De La Rosa Ortiz | Mary |
| Paradis Cruz | Reynaldo |
| Jimenez Paulino | Pedro Awrincula |
| Vasquez Rodriguez | Francisco |
| Arthur Valera | Ruben Nelson |
| Leonardo De Garcia | Johanna |

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2.

**Racketeering Act Sixteen**
**(Inducing Illegal Entry)**

(87)　　On or about July 11, 2008, in the Western District of Missouri, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, and KRISTIN DOUGHERTY, defendants herein, aiding and abetting each other and others, encouraged and induced an alien, namely, Alp Aktog, to come to, enter and reside in the United States, knowingly and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain, for the purposes of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2;

All in violation of 18 U.S.C. § 1962(c).

**COUNT TWO**
**(RICO CONSPIRACY)**

(88)　　Paragraphs One through Fifty-Nine in Count One are incorporated by reference as if fully set forth herein.

(89)　　From on or about January 2001, continuing through the date of this indictment, in the Western District of Missouri and elsewhere,

52

Abrorkhodja Askarkhodjaev,

Nodir Yunusov,

Rustamjon Shukurov,

Kristin Dougherty,

Ilkham Fazilov,

Viorel Simon,

Nodirbek N. Abdoollayev,

Andrew Cole,

Sandjar Agzamov,

Jakhongir Kakhkharov,

Giant Labor Solutions, LLC,

Crystal Management, Inc.,

and

Five Star Cleaning, LLC,

Defendants herein, together with persons both known and unknown to the Grand Jury, being

persons employed by and associated with the Criminal Enterprise, an enterprise, which engaged in,

and the activities of which affected, interstate and foreign commerce, knowingly, and intentionally

conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly,

in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term

is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts

indictable under the following provisions of federal law:

    A.    18 U.S.C. § 1589(a)(Forced Labor Trafficking)

    B.    18 U.S.C. § 1028(a)(7) (Identity Theft)

C.    8 U.S.C. § 1324(a)(1)(A)(iii) ( Harboring Illegal Aliens)

D.    18 U.S.C. § 1341 (Mail Fraud)

E.    18 U.S.C. § 1343 (Wire Fraud)

F.    18 U.S.C. § 1957(a)(Money Laundering Financial Transactions in Excess of $10,000)

G.    18 U.S.C. § 1956(a)(1)A)(i)(Promotion of Unlawful Money Laundering)

H.    18 U.S.C. § 1956(a)(1)(B)(i)(Money Laundering Concealment of Proceeds)

I.    18 U.S.C. § 1956(h)(Money Laundering Conspiracy)

J.    18 U.S.C. § 1546(a)(Visa Fraud)

K.    18 U.S.C. § 1951 (Hobbs Act Extortion)

L.    18 U.S.C. § 1952 (Travel Act)

M.    8 U.S.C. § 1324 (a)(1)(A)(iv) (Inducing Illegal Entry)

N.    8 U.S.C. § 1324 (a)(1)(A)(ii) (Transportation of Illegal Aliens)

(90)   It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise;

All in violation of 18 U.S.C. § 1962(d).

### COUNT THREE
### (Forced Labor Trafficking)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about January 1, 2007, and continuing through the date of this indictment, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV,

NODIR YUNUSOV, RUSTAMJON SHUKUROV, ILKHAM FAZILOV, VIOREL SIMON, ANDREW COLE, and ALEXANDRU FRUMUSACHE, defendants herein, aiding and abetting each other and others, knowingly provided and obtained the labor and services of a person by means of serious harm and threats of serious harm to that person or another person, and by means of the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause the person to believe that, if the person did not perform such labor and services, that person or another person would suffer serious harm;

All in violation of 18 U.S.C. §§ 1589(a) and 2.

## COUNT FOUR
### (Fraud in Foreign Labor Contracting)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about December 24, 2008, and continuing through the date of this indictment, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, VIOREL SIMON, and ANDREW COLE, defendants herein, aiding and abetting each other and others, knowingly and with the intent to defraud, recruited, solicited, and hired the following persons from outside of the United States for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations and promises regarding that employment;

| Name | Country of Birth | Date of Entry into the United States |
|------|------------------|--------------------------------------|
| Stone, Rhomio Lloyd | JAM | 1/15/2009 |
| Henry, Ann Marie | JAM | 12/3/2008 |
| Kerr, Carnette Rose | JAM | 12/3/2008 |
| Cummings Simpson, Dorett Addassa | JAM | 12/3/2008 |
| Buchanan, Gary Anthony | JAM | 12/3/2008 |
| Willis, Juney Cherene | JAM | 12/3/2008 |
| Black, Novlyn | JAM | 12/3/2008 |
| Henlon, Jacqueline Elizabeth | JAM | 2/3/2009 |
| Shields, Sherine Allana | JAM | 2/3/2009 |
| Forde, Bridgette Yolanda | JAM | 2/3/2009 |
| Daley, Carmen Marlett | JAM | 2/3/2009 |
| Daley, Veneshia Patricia | JAM | 2/3/2009 |
| Dixon, Marcia Angela | JAM | 2/3/2009 |
| Folkes, Shernette Alicia | JAM | 2/3/2009 |
| Jimenez Acevedo, Ivernia De Los A | DOMR | 2/5/2009 |
| Aguilera Silverio, Franklin | DOMR | 2/5/2009 |
| Lebron Lorenzo, Paula | DOMR | 2/5/2009 |
| Gonzalez Francisco, Santos Marcelino | DOMR | 2/5/2009 |
| Peralta Peralta, Berenice | DOMR | 2/5/2009 |
| Baez Taveras, Anyelo Antonio | DOMR | 2/5/2009 |
| Castillo Guzman, Roberto Carlos | DOMR | 2/5/2009 |
| Perdomo Garcia, Juan Carlos | DOMR | 2/23/2009 |
| Marty Pascual, Ronny Rafael | DOMR | 2/5/2009 |
| Castillo De La Rosa, Esteban | DOMR | 2/5/2009 |
| Gomez Gomez, Maria Natividad | DOMR | 2/5/2009 |
| Luciano Luciano, Carmen Aridia | DOMR | 2/5/2009 |
| Camilo Villalona, Kirsis Ayendi | DOMR | 2/5/2009 |
| Jimenez De La Cruz, Alex | DOMR | 2/23/2009 |
| Rodriguez, Cristian | DOMR | 2/5/2009 |
| Vicente Reynoso, Celis Daniel | DOMR | 2/23/2009 |
| Sanchez Puello, Elvira | DOMR | 2/23/2009 |
| Montero Montero, Fausto | DOMR | 2/23/2009 |
| Luciano Rodriguez, Blanca Adriana | DOMR | 2/23/2009 |
| Alcantara Jimenez, Juana Francisca | DOMR | 2/23/2009 |
| Tejeda Encarnacion, Alexis Julio | DOMR | 2/23/2009 |
| Gomez Urena, Henrry | DOMR | 2/23/2009 |
| Vargas Rodriguez, Jose Luis | DOMR | 2/23/2009 |
| Garcia Garcia, Norma Yris | DOMR | 2/23/2009 |
| Mendez Santana, Edwin Aquino | DOMR | 2/23/2009 |
| Fernandez Collado, Leocadio | DOMR | 2/22/2009 |

Case 4:09-cr-00143-ODS   Document 1   Filed 05/06/09   Page 56 of 90

| Name | Country of Birth | Date of Entry into the United States |
|---|---|---|
| Martinez De Jesus De Garcia, Carmen | DOMR | 2/23/2009 |
| Abreu Pascual, Jhasmil Sharleny | DOMR | 2/23/2009 |
| Ciprian Ogando, Magaly | DOMR | 2/23/2009 |
| Jimenez Paulino, Clemente Carlixto | DOMR | 2/23/2009 |
| De Jesus Garcia, Patria | DOMR | 2/23/2009 |
| De La Rosa Ortiz, Mary | DOMR | 2/23/2009 |
| Paradis Cruz, Reynaldo | DOMR | 2/23/2009 |
| Jimenez Paulino, Pedro Awrincula | DOMR | 2/23/2009 |
| Vasquez Rodriguez, Francisco | DOMR | 2/23/2009 |
| Arthur Valera, Ruben Nelson | DOMR | 2/23/2009 |
| Nunez Polanco, Raiza Bernarda | DOMR | 2/23/2009 |
| Espinal Jesus, Maria Joselyn | DOMR | 4/17/2009 |
| Leonardo De Garcia, Johanna | DOMR | 2/23/2009 |
| Reynoso Heinsen, Adonis Rafael | DOMR | 3/8/2009 |
| Vizcaino, Elisabel | DOMR | 3/8/2009 |
| Rodriguez Ortiz, Emma Glenis | DOMR | 3/11/2009 |
| Hernandez De Pena, Emely Natacha | DOMR | 3/11/2009 |
| Cisneros Vallejo, Zoraida Elisabeth | DOMR | 3/11/2009 |

All in violation of 18 U.S.C. §§ 1351 and 2.

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about April 26, 2005, in the Western District of Missouri and elsewhere, SANDJAR AGZAMOV, defendant herein, knowingly used without lawful authority, a means of identification of another person, to wit, the name of Farukh Akhmedov, for the purpose of establishing KC Janitorial Services, LLC account number 5091116607, at Bank of America, with the intent to commit bank fraud regarding the aforementioned scheme to secure labor leasing contracts, as described in this indictment, contrary to the provisions of 18 U.S.C. § 1344;

All in violation of 18 U.S.C. § 1028A.

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about December 26, 2006, in the Western District of Missouri and elsewhere, SANDJAR AGZAMOV, defendant herein, knowingly used without lawful authority, a means of identification of another person, to wit, the name of Farukh Akhmedov, for the purpose of establishing KC Janitorial Services, LLC account number 176611, at Mazuma Credit Union, with the intent to commit bank fraud regarding the aforementioned scheme to secure labor leasing contracts, as described in this indictment, contrary to the provisions of 18 U.S.C. § 1344;

All in violation of 18 U.S.C. § 1028A.

## COUNT SEVEN
### (Identity Theft)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about November 4, 2002, and continuing through or about and September 25, 2005, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly used without lawful authority, a means of identification of another person, to wit, the name of Abdumajid Maksudov, for the purpose of establishing and utilizing MMC Professional Cleaning, Inc. account number 90013891, between the dates listed above, at First National Bank, with the intent to commit mail fraud regarding the aforementioned scheme to secure labor leasing contracts, as described in this indictment, contrary to the provisions of 18 U.S.C. § 1341;

All in violation of 18 U.S.C. § 1028(a)(7).

58

## COUNT EIGHT
### (Harboring Illegal Aliens)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about November 2002 and continuing through on or about September 2005, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV defendant herein, in conjunction with MMC Professional Cleaning, Inc. knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below listed as described in Racketeering Act Four of this indictment, had come to, entered and remained in the United States in violation of law, concealed, harbored, and shielded from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain;

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

## COUNT NINE
### (Marriage Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about June 19, 2004, in the Western District of Missouri, ABRORKHODJA ASKARKHODJAEV, defendant herein, a citizen of Uzbekistan and therefore an alien in the United States, knowingly and unlawfully entered into a marriage with a United States citizen for the purpose of evading any provision of the immigration laws of the United States;

All in violation of 8 U.S.C. § 1325(c).

## COUNT TEN
### (Visa Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about August 30, 2004, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly made and caused another to make under oath and knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, to wit, a Petition for Alien Relative, designated as INS Form I-130, that is, that ASKARKHODJAEV lived with his United States citizen wife, at 19004 E. 37th Terrace, Independence, Missouri, which statement ASKARKHODJAEV then and there knew was false, in that ASKARKHODJAEV resided apart from his United States Citizen wife who resided at 19004 E. 37th Terrace, Independence, Missouri;

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## COUNT ELEVEN
### (Visa Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about August 30, 2004, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly made and caused another to make under oath and knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, to wit, an Application to Register Permanent Residence, designated as INS Form I-485, that is, that ASKARKHODJAEV lived with his United States citizen wife, at 19004 East 37th Terrace South, Independence, Missouri , which statement ASKARKHODJAEV then and there knew was false, in that ASKARKHODJAEV resided apart from his United States citizen wife who resided at 19004 East 37th Terrace South, Independence, Missouri;

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## COUNT TWELVE
### (Harboring Illegal Aliens)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about January 1, 2005 and continuing through on or about June 15, 2007, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, SANDJAR AGZAMOV, and GIANT LABOR SOLUTIONS, LLC aiding and abetting each other and others, in conjunction with KC Janitorial Services, LLC, knowingly and in reckless disregard of the fact that an alien, namely, on of the persons below listed, as described in Racketeering Act Twelve of this indictment, had come to, entered and remained in the United States in violation of law, concealed, harbored and shielded from detection, such alien in buildings and other placed for the purpose of commercial advantage and private financial gain;

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

## COUNTS THIRTEEN THROUGH FIFTEEN
### (Financial Transactions Money Laundering)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly engaged in a monetary transaction affecting interstate commerce, regarding criminally derived property of a value greater than $10,000, which was derived from the proceeds of a specified unlawful activity, that is mail fraud, as part of the aforementioned scheme to fraudulently obtain labor leasing contracts, as described in this

indictment, in the below listed amounts, through deposits into his Bank of America account number 3462566680:

| Count | Defendant | Date | Amount of Deposit |
|-------|-----------|------|-------------------|
| Thirteen | Askarkhodjaev | August 24, 2006 | $57,476.28 |
| Fourteen | Askarkhodjaev | June 19, 2007 | $44,906.44 |
| Fifteen | Askarkhodjaev | September 19, 2007 | $52,272.43 |

All in violation of 18 U.S.C. § 1957(a).

## COUNTS SIXTEEN THROUGH EIGHTEEN
### (Mail Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, defendant herein, knowingly caused to be deposited in an authorized depository for mail matter, the following checks to be sent and delivered by the United States Postal Service for the purpose of executing the aforementioned scheme to fraudulently obtain labor leasing contracts as described in this indictment, by means of material false and fraudulent representations:

| Count | Defendant | Date of Mailing | Description of Mailed check | Amount of Proceeds |
|-------|-----------|-----------------|----------------------------|--------------------|
| Sixteen | Askarkhodjaev | August 23, 2006 | Check #55006 from the Westin Crown Center | $57,476.28 |
| Seventeen | Askarkhodjaev | September 27, 2006 | Check #55458 from the Westin Crown Center | $50,758.22 |
| Eighteen | Askarkhodjaev | September 18, 2007 | Check #61106 from the Westin Crown Center | $50,522.29 |

All in violation of 18 U.S.C. § 1341.

## COUNTS NINETEEN THROUGH TWENTY-TWO
### (Promotion Money Laundering)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere, the following defendants, aiding and abetting each other and others, knowingly conducted a financial transaction affecting interstate commerce, as described below, which involved the proceeds of a specified unlawful activity, that is, mail fraud, as part of the aforementioned scheme to fraudulently obtain labor leasing contracts, as described in this indictment, knowing the transaction was intended to promote the carrying on of specified unlawful activity, through the payment of salaries to the below listed defendants, and that while conducting such financial transactions, defendants knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Defendants | Financial Transaction |
|-------|------|-----------|----------------------|
| Nineteen | August 22, 2005 | Askarkhodjaev Dougherty Agzamov | Askarkhodjaev and Dougherty caused Agzamov to issue payroll check #2168 from the Bank of America account of GLS to Dougherty in the amount of $5,137.25 |
| Twenty | March 9, 2007 | Agzamov Azizkhodjaev | Azamov and Azizkhodjaev caused KC Janitorial to issue check # 1303 to Azizkhodjaev in the amount of $2,856.00 |
| Twenty-One | May 18, 2007 | Agzamov Azizkhodjaev | Agzamov and Azizkhodjaev caused KC Janitorial to issue check # 1512 to Azizkhodjaev in the amount of $2,698.50 |
| Twenty-Two | April 28, 2008 | Fazilov Five Star Cleaning, LLC | Fazilov caused Five Star Cleaning, LLC to issue payroll check #2300 to Fazilov in the amount of $21,227.50 |

63

All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

## COUNT TWENTY-THREE
### (Transportation of Illegal Aliens)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about January 15, 2009, and continuing through on or about January 17, 2009, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, VIOREL SIMON, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ANDREW COLE, GIANT LABOR SOLUTIONS, LLC., and CRYSTAL MANAGEMENT, INC., defendants herein, aiding and abetting each other and others, knowingly and in reckless disregard of the fact that an alien has come to, entered and remained in the United States in violation of law, moved and transported such alien within the United States by means of transportation or otherwise, that is, by transporting the alien to Wyoming from Kansas City, Missouri, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain;

All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

## COUNTS TWENTY-FOUR THROUGH TWENTY-SIX
### (Concealment Money Laundering)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, ILKHAM FAZILOV, SANDJAR AGZAMOV, JAKHONGIR KAKHKHAROV, GIANT LABOR SOLUTIONS, LLC, and FIVE STAR CLEANING, LLC, defendants herein, aiding and abetting each other and others, knowingly conducted financial transactions affecting interstate commerce, to wit, the movement of funds as

described below, from the Bank of America account controlled by defendant ASKARKHODJAEV to the following accounts controlled by the listed defendants, which involved the proceeds of a specified unlawful activity, that is mail fraud, as part of the aforementioned scheme to fraudulently obtain labor leasing contracts as described in this indictment, knowing the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity:

| Count | Defendants | Date | Transferee | Bank Account | Amount |
|-------|-----------|------|-----------|-------------|--------|
| Twenty-Four | Askarkhodjaev Agzamov Giant Labor Solutions, LLC | August 28, 2006 | Agzamov | Account number 7010 in the name of KC Janitorial Services | $89,946.41 |
| Twenty-Five | Askarkhodjaev Kakhkharov Giant Labor Solutions, LLC | November 30, 2007 | Kakhkharov | Account number 1640 in the name of Midwest Management Services, Inc. | $69,508.63 |
| Twenty-Six | Askarkhodjaev Fazilov Giant Labor Solutions, LLC Five Star Cleaning, LLC | June 10, 2008 | Fazilov | Account number 4776 in the name of Five Star Cleaning, LLC | $71,319.00 |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNTS TWENTY-SEVEN THROUGH THIRTY
### (Visa Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ILKHAM FAZILOV, GIANT LABOR SOLUTIONS, LLC, CRYSTAL MANAGEMENT, INC., and FIVE STAR CLEANING, LLC, defendants herein, aiding and abetting each other and others,

knowingly made under oath and knowingly subscribed as true and certified under penalty of perjury, pursuant to 28 U.S.C. § 1746, a false statement with respect to a material fact in an application required by the immigration laws or regulations prescribed thereunder, to the United States Department of Labor in an application for Alien Employment Certification, forms ETA 750, that is, that the below listed entities annually employed an inflated number of workers; that these entities compensated workers through an hourly prevailing wage based on a forty hour week, rather than by commissions, bonuses or other incentives; that these entities were prepared to employ alien workers on or before their proposed entrance into the United States; and that the work conditions and occupational environment provided by these entities were not contrary to federal, state or local law, which statements the below listed defendants then and there knew were false in that these entities did not employ the amount of workers claimed, these entities did not compensate their workers through the prevailing wage based on a forty hour week, these entities were not prepared to employ alien workers on or before their proposed entry into the United States, and these entities provided work conditions and occupational environment contrary to federal, state, and local law;

| Count | Date | Defendants | Number of Requested Workers | ETA 750 Case Number |
|-------|------|------------|------------------------------|----------------------|
| Twenty-Seven | January 5, 2007 | Askarkhodjaev Giant Labor Solutions, LLC | 200 | C-07064-23292 |
| Twenty-Eight | April 29, 2008 | Yunusov Crystal Management, INC. | 135 | C-08142-371-25 |
| Twenty-Nine | May 20, 2008 | Fazilov Five Star Cleaning, LLC | 87 | C-081168-373-86 |
| Thirty | August 6, 2008 | Shukurov | 265 | Kansas |

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## COUNT THIRTY-ONE
### (Harboring Illegal Aliens)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one

through eighty-seven of this Indictment.

Beginning on or about July 9, 2007 and continuing through on or about February 8,

2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV,

JAKHONGIR KAKHKHAROV, and GIANT LABOR SOLUTIONS, LLC., defendants herein,

aiding and abetting each other and others, in conjunction with Midwest Management, Inc.,

knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below

listed,  as described in Racketeering Act Twelve of this indictment, had come to, entered and

remained in the United States in violation of law, concealed, harbored and shielded from detection

such alien in buildings and other places for the purpose of commercial advantage and private

financial gain;

All in violation of 8 U.S.C. §  1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

## COUNTS THIRTY-TWO THROUGH THIRTY-FOUR
### Fraudulent Petition for Nonimmigrant Worker
### (Visa Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one

through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere,

ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, and ILKHAM FAZILOV,

defendants herein, aiding and abetting each other and others, knowingly presented and caused to be

presented to the United States Citizenship and Immigration Services, documents required by the

Immigration laws and regulations prescribed thereunder, to wit, the INS form I-129 "Petition for

Nonimmigrant Worker," which contained the below listed material false statements, which the defendants then and there knew were false, in that the aliens were not all employed for light cleaning and maintaining as housekeepers on a full time basis; and that the aliens did not earn at least $279.00 weekly; that the aliens were not all employed at locations in the state of Kansas or Missouri; that the companies listed including defendants Giant Labor Solutions, LLC, Crystal Management, Inc., and Five Star Cleaning, LLC, did not employ the number of workers stated; and that these entities did not earn the amount of annual gross and net income claimed:

| Count | Date | Defendant | False Statements by Defendant | Petition Number |
|-------|------|-----------|-------------------------------|-----------------|
| Thirty-Two | October 7, 2008 | Fazilov | that 50 aliens would be employed for light housekeeping duties as housekeepers on a full-time basis by defendant Five Star earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 92 employees and an Annual Gross Income of $1,596,334.48 and Net Annual Income was $126,157.62 | WAC0900551392 |
| Thirty-Three | December 3, 2008 | Askarkhodjaev | that 87 aliens would be employed for light housekeeping duties as housekeepers on a full-time basis by defendant GLS earning a weekly wage of $308.40; at locations in Missouri specified on the petition; that the company has 285 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0904350833 |
| Thirty-Three | May 29, 2008 | Yunusov | that 133 aliens would be employed for light housekeeping duties as housekeepers on a full-time basis by defendant Crystal earning a weekly wage of $279.20; at locations in Missouri specified on the petition; that the company has 270 employees and an Annual Gross Income of $1,434,347.38 and Net Annual Income was $125,414.11 | WAC0817052296 |

All in violation of 18 U.S.C. §§ 1546(a) and 2.

## COUNT THIRTY-FIVE
### (Harboring Illegal Aliens)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about December 1, 2007 and continuing through on or about February 29, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, ILKHAM FAZILOV, and FIVE STAR CLEANING, LLC, defendants herein, aiding and abetting each other and others, knowingly and in reckless disregard of the fact that an alien, namely, one of the persons below listed, as described in Racketeering Act Twelve of this indictment, had come to, entered and remained in the United States in violation of law, concealed, harbored and shielded from detection such alien in buildings and other places for the purpose of commercial advantage and private financial gain;

All in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2.

## COUNT THIRTY-SIX
### (Extortion)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about between December 1, 2007 and continuing through on or about January 2, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, RUSTAMJON SHUKUROV, and NODIR YUNUSOV, defendants herein, aiding and abetting each other and others, knowingly obstructed, delayed and affected, and attempted to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in 18 U.S.C. § 1951, that is, defendants obtained

and attempted to obtain the property of defendant Kakhkharov with his consent induced by the wrongful use of force, violence and fear;

All in violation of 18 U.S.C. §§ 1951(a) and 2.

## COUNT THIRTY-SEVEN
### (Interstate Travel in Aid of Racketeering)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

Beginning on or about January 1, 2008, and continuing through on or about January 2, 2008, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, RUSTAMJON SHUKUROV, and NODIR YUNUSOV, defendants herein, aiding and abetting each other and others, traveled in interstate commerce from the state of Missouri to the state of Kansas with the intent to commit a crime of violence to further an unlawful activity, that is, extortion in violation of 18 U.S.C. § 1951(a), and thereafter committed and attempted to commit the crime of violence to further such unlawful activity;

All in violation of 18 U.S.C. §§ 1952(a) and 2.

## COUNTS THIRTY-EIGHT THROUGH FORTY-ONE
### (Wire Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one through eighty-seven of this Indictment.

On or about the below listed dates, in the Western District of Missouri and elsewhere, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, and KRISTIN DOUGHERTY, defendants herein, for the purpose of executing the aforementioned scheme to fraudulently obtain labor leasing contracts, as described in this indictment, by means of material false and fraudulent representations and pretenses, knowingly caused to be transmitted by

Case 4:09-cr-00143-ODS   Document 1   Filed 05/06/09   Page 70 of 90

wire communications in interstate commerce, certain writings, e-mails, signs, signals and sounds,

that is, the following e-mails, as described below:

| Count | Date | Defendant | Description of Wire Communication |
|-------|------|-----------|-----------------------------------|
| Thirty-Eight | April 22, 2008 | Abrorkhodjaev | E-mail re: Abror's co-ownership and common payroll with Crystal Management, Inc. And Giant Labor Solutions, Inc. And Abror's inflated request for H2B visa workers to Lisa Wood at Hilton Hotels, Inc. Through Yahoo! Inc. outside the state of Missouri |
| Thirty-Nine | September 7, 2008 | Yunusov | E-mail re: hotel references, a proposed Labor Services Agreement and the obligation of GLS to provide worker's compensation, insurance and unemployment benefits, and to deduct all payroll related taxes to Carol Tonnor at Yosemite Management Group in California from Kansas City, MO |
| Forty | March 14, 2008 | Shukurov | E-mail re: the distribution and sale of H2B visa extensions and job opportunities offered to foreign nationals by the Enterprise in Florida, South Carolina, Missouri, Louisiana, Alabama, Kansas and New Jersey to Nicole Gottlieb from Kansas City, MO through Yahoo!, Inc. outside the state of Missouri |
| Forty-One | July 7, 2008 | Dougherty | E-mail re: the housing of foreign nationals used to fulfill labor leasing contracts from St. Louis, MO through Yahoo!, Inc. outside the state of Missouri |

All in violation of 18 U.S.C. § 1343.

## COUNTS FORTY-TWO THROUGH FORTY-FIVE
### (Mail Fraud)

The Grand Jury hereby incorporates by reference, and alleges herein, paragraphs one

through eighty-seven of this Indictment.

On or about the dates listed below, in the Western District of Missouri and elsewhere,

ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV,

ILKHAM FAZILOV, GIANT LABOR SOLUTIONS, LLC, CRYSTAL MANAGEMENT, INC.,

and FIVE STAR CLEANING, LLC, defendants herein, aiding and abetting each other and others,

knowingly caused to be deposited in an authorized depository for mail matter, an Application for

Alien Employment Certification, form ETA-750 and a Petition for Nonimmigrant Worker, Form I-

129 requesting approval for the below listed alien workers, for the purpose of executing the aforementioned scheme or artifice to defraud regarding labor leasing contracts, as described in the indictment, by means of material false and fraudulent representations and promises:

| Count | Defendants | Date of Mailing | Requested Number of Alien Workers and Petition No. |
|---|---|---|---|
| Forty-Two | Askarkhodjaev GLS | February 6, 2007 | 200 aliens, C-07064-23292 |
| Forty-Three | Fazilov Five Star | June 10, 2008 | 87 aliens, C-08168-37386 |
| Forty-Four | Shukurov | September 10, 2008 | 198 aliens, Missouri |
| Forty-Five | Yunusov Crystal Mgmt. | May 28, 2008 | 133 aliens, WAC0817052296 |

All in violation of 18 U.S.C. §§ 1341 and 2.

## ALLEGATION OF FORFEITURE

I.  RICO Forfeiture Allegation

1.     The allegations contained in this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c).

2.     Pursuant to Rule 32.2(a), Fed. R. Crim. P., the defendants, ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, KRISTIN DOUGHERTY, ILKHAM FAZILOV, VIOREL SIMON, NODIRBEK N. ABDOOLLAYEV, ANDREW COLE, SANDJAR AGZAMOV, and JAKHONGIR KAKHKHAROV are hereby notified that, upon conviction of the violation of Title 18, United States Code, Section 1962, as

charged in Counts One and Two of the Indictment, the defendants shall forfeit, pursuant to Title 18, United States Code, Section 1963:

a) all interests acquired and maintained in violation of Title 18, United States Code, Section 1962;

b) all interests in, securities of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c) all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

3. The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes, but is not limited to, the following assets: a money judgment in the amount of at least $6,000,000, said amount being the total of the interests acquired and the gross proceeds charged and obtained through the violation of Title 18, United States Code, Section 1962, as follows:

i) The proceeds of account number 354001575905 held at Bank of America in Kansas City, Missouri in the name of GIANT LABOR SOLUTIONS, LLC, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

73

ii)    The proceeds of account number 3354003422250 held at Bank of America in Kansas City, Missouri in the name of GIANT LABOR SOLUTIONS, LLC, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

iii)   The proceeds of account number 518001299069 held at Bank of America in Kansas City, Missouri in the name of CRYSTAL MANAGEMENT, INC., and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

iv)    The proceeds of account number 518001804218 held at Bank of America in Kansas City, Missouri in the name of CRYSTAL MANAGEMENT, INC., and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

v)     The proceeds of account number 518000908238 held at Bank of America in Sunny Isles Beach, Florida in the name of FIVE STAR CLEANING, LLC, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

vi)    The proceeds of account number 898021254623 held at Bank of America in Sunny Isles Beach, Florida in the name of Suncoast Hospitality, Inc., and controlled by ILKHAM FAZILOV, and/or a

74

sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

vii)    The proceeds of account number 898021254610 held at Bank of America in Sunny Isles Beach, Florida in the name of Suncoast Hospitality, Inc., and controlled by ILKHAM FAZILOV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

viii)   The proceeds of account number 4683349786 held at Bank of America in Kansas City, Missouri in the name of ABRORKHODJA ASKARKHODJAEV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

ix)     The proceeds of account number 355000889866 held at Bank of America in Kansas City, Missouri in the name of ABRORKHODJA ASKARKHODJAEV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

x)      The proceeds of account number 168684 held at Mazuma Credit Union in Kansas City, Missouri in the name of ABRORKHODJA ASKARKHODJAEV, and/or a sum of money in United States

currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xi) The proceeds of account number 39924536 held at Commerce Bank in Kansas City, Missouri in the name of ABRORKHODJA ASKARKHODJAEV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xii) The proceeds of account number 164694 held at Mazuma Credit Union in Kansas City, Missouri in the name of Farukh Akhmedov, an alias for SANDJAR AGZAMOV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xiii) The proceeds of account number 3491580712 held at Bank of America in Kansas City, Missouri in the name of NODIR YUNUSOV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xiv) The proceeds of account number 3491671333 held at Bank of America in Kansas City, Missouri in the name of NODIR YUNUSOV, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xv) The proceeds of account number180368 held at Mazuma Credit

Union in Kansas City, Missouri in the name of NODIR

YUNUSOV, and/or a sum of money in United States currency

representing the amount of proceeds obtained as a result of the

offenses for which the defendants are liable.

xvi) The proceeds of account number 518002168296 held at Bank of

America in Kansas City, Missouri in the name of ILKHAM

FAZILOV, and/or a sum of money in United States currency

representing the amount of proceeds obtained as a result of the

offenses for which the defendants are liable.

xvii) The proceeds of account number 518000908225 held at Bank of

America in Kansas City, Missouri in the name of ILKHAM

FAZILOV, and/or a sum of money in United States currency

representing the amount of proceeds obtained as a result of the

offenses for which the defendants are liable.

xviii) The proceeds of account number 145570916323 held at US Bank in

Kansas City, Missouri in the name of ILKHAM FAZILOV, and/or a

sum of money in United States currency representing the amount of

proceeds obtained as a result of the offenses for which the defendants

are liable.

xix) The proceeds of account number 5563318580 held at Bank of

America in St. Ann, Missouri in the name of KRISTIN

DOUGHERTY, and/or a sum of money in United States currency

77

representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xx)    The proceeds of account number 3541266481 held at Bank of America in St. Ann, Missouri in the name of People, Inc., and controlled by KRISTIN DOUGHERTY, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xxi)   The proceeds of account number 8220266806 held at Regions Bank in St. Louis, Missouri in the name of Hotel and Resort Services, and controlled by KRISTIN DOUGHERTY, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

xxii)  The proceeds of account number 3101703490 held at Regions Bank in St. Louis, Missouri in the name of Anchor Building Services, and controlled by KRISTIN DOUGHERTY, and/or a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

4.    Pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. § 2461(c), the defendant shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendant:

a)    cannot be located upon the exercise of due diligence;

b)    has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of this Court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be divided without difficulty.

5.      The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above. (All in accordance with Title 18, United States Code, Section 1963; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

II.     <u>Forced Labor Trafficking</u>

1.      The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1589 set forth in Count Three of this Indictment, defendants ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ILKHAM FAZILOV, VIOREL SIMON, ANDREW COLE, and ALEXANDRU FRUMASACHE, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1594(d) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense including, but not limited to, the following: $6,000,000.00.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a)      cannot be located upon the exercise of due diligence;

b)      has been transferred or sold to, or deposited with, a third party;

c)      has been placed beyond the jurisdiction of the court;

d)      has been substantially diminished in value; or

e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 1956(c)(7)(A), Title 18, United States Code, Section 1961(1) and Title 28, United States Code, Section 2461(c) and (a).

(All pursuant to 18 U.S.C. § 1594 and 28 U.S.C. § 2461(c)).

III.     <u>Harboring Illegal Aliens</u>

1.      The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture purpose of alleging forfeiture pursuant to the provisions of Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) as set forth in Counts Eight, Twelve, Thirty-One, and Thirty-Five, of this Indictment, defendant ABRORKHODJA ASKARKHODJAEV, SANDJAR AGZAMOV, JAKHONGIR KAKHKHAROV, ILKHAM FAZILOV, and GIANT LABOR SOLUTIONS, LLC, shall forfeit to the United States of America, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed.

R. Crim. P. 32.2: at least $6,000,000.00, said amount being the gross proceeds obtained through the violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

   3.  If any of the property described above, as a result of any act or omission of the defendant:

      a)  cannot be located upon the exercise of due diligence;

      b)  has been transferred or sold to, or deposited with, a third party;

      c)  has been placed beyond the jurisdiction of the court;

      d)  has been substantially diminished in value; or

      e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 1956(c)(7)(A), Title 18, United States Code, Section 1961(1) and Title 28, United States Code, Section 2461(c).

   (All pursuant to 18 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c)).

IV. <u>Visa Fraud</u>

   1.  The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(6)(A).

   2.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 1546(a) as set forth in Counts Ten, Eleven, Twenty-Seven, Twenty-Nine, Thirty, Thirty-Two, Thirty-Three, and Thirty-Four, of this Indictment, defendant ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, ILKHAM FAZILOV,

and GIANT LABOR SOLUTIONS, LLC, FIVE STAR CLEANING, LLC, and CRYSTAL MANAGEMENT, INC., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(6)(A) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: all property, real and personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of a violation of Title 18, United States Code, Section 1546(a) including, but not limited to, the following:  $6,000,000.00.

   3.  If any of the property described above, as a result of any act or omission of the defendant:

     a)  cannot be located upon the exercise of due diligence;

     b)  has been transferred or sold to, or deposited with, a third party;

     c)  has been placed beyond the jurisdiction of the court;

     d)  has been substantially diminished in value; or

     e)  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

   (All pursuant to 18 U.S.C. § 982(a)(6)(A) and 28 U.S.C. § 2461(c).)

V.  <u>Money Laundering</u>

   1.  The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

Case 4:09-cr-00143-ODS   Document 1   Filed 05/06/09   Page 82 of 90

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1957(a) as set forth in Count Thirteen through Fifteen of this Indictment, defendant ABRORKHODJA ASKARKHODJAEV shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: at least $948,801, said amount being the total of the interests acquired and the gross proceeds charged and obtained through the violation of Title 18, United States Code, Section 1957.

3. If any of the property described above, as a result of any act or omission of the defendant:

        a)     cannot be located upon the exercise of due diligence;

        b)     has been transferred or sold to, or deposited with, a third party;

        c)     has been placed beyond the jurisdiction of the court;

        d)     has been substantially diminished in value; or

        e)     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).)

VI. <u>Mail Fraud</u>

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(3)(E).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 set forth in Counts Sixteen through Eighteen of this Indictment, defendant ABRORKHODJA ASKARKHODJAEV shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(3)(E) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2:  at least $948,801, said amount being the total of the interests acquired and the gross proceeds charged and obtained through the violation of Title 18, United States Code, Section 1341.

3.      If any of the property described above, as a result of any act or omission of the defendant:

      a)      cannot be located upon the exercise of due diligence;

      b)      has been transferred or sold to, or deposited with, a third party;

      c)      has been placed beyond the jurisdiction of the court;

      d)      has been substantially diminished in value; or

      e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 982(a)(3)(E) and 28 U.S.C. § 2461(c)).

VII.    <u>Money Laundering</u>

1.      The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) as set forth in Count Nineteen, Twenty, Twenty-One, Twenty-Two, of this Indictment, defendants ABRORKHODJA ASKARKHODJAEV, KRISTIN DOUGHERTY, SANDJAR AGZAMOV, ABDUKAKHAR AZIZKHODJAEV, ILKHAM FAZILOV, and GIANT LABOR SOLUTIONS, LLC and FIVE STAR CLEANING, LLC, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: at least $31,919 said amount being the total of the interests acquired and the gross proceeds charged and obtained through the violation of Title 18, United States Code, Section 1956.

3.      If any of the property described above, as a result of any act or omission of the defendant:

        a)      cannot be located upon the exercise of due diligence;

        b)      has been transferred or sold to, or deposited with, a third party;

        c)      has been placed beyond the jurisdiction of the court;

        d)      has been substantially diminished in value; or

        e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c)).

VIII.   Transportation of Illegal Aliens

1.      The allegations contained in this Indictment are hereby realleged and incorporated

by reference for the purpose of alleging forfeiture purpose of alleging forfeiture pursuant to the provisions of Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(I) as set forth in Count Twenty-Three of this Indictment, defendants ABRORKHODJA ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, VIOREL SIMON, ANDREW COLE, GIANT LABOR SOLUTIONS, LLC and CRYSTAL MANAGEMENT, INC.,  shall forfeit to the United States of America, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: at least $6,000,000.00, said amount being the gross proceeds obtained through the violation of Title 8, United States Code, Section 1324(a).

3.     If any of the property described above, as a result of any act or omission of the defendant:

   a)     cannot be located upon the exercise of due diligence;

   b)     has been transferred or sold to, or deposited with, a third party;

   c)     has been placed beyond the jurisdiction of the court;

   d)     has been substantially diminished in value; or

   e)     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 1956(c)(7)(A), Title 18, United States Code, Section 1961(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c)).

IX.   Money Laundering

1.     The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) as set forth in Counts Twenty-Four, Twenty-Five, and Twenty-Six of this Indictment, defendants ABRORKHODJA ASKARKHODJAEV, SANDJAR AGZAMOV, JAKHONGIR KAKHKHAROV, ILKHAM FAZILOV, GIANT LABOR SOLUTIONS, LLC, and FIVE STAR CLEANING, LLC, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: at least $1,256,243, said amount being the total of the interests acquired and the gross proceeds charged and obtained through the violation of Title 18, United States Code, Section 1956.

3.     If any of the property described above, as a result of any act or omission of the defendant:

   a)     cannot be located upon the exercise of due diligence;

   b)     has been transferred or sold to, or deposited with, a third party;

   c)     has been placed beyond the jurisdiction of the court;

   d)     has been substantially diminished in value; or

   e)     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c)).

X.    Extortion

1.    The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1951(a) as set forth in Count Thirty-Six of this Indictment, defendants ABRORKHODJA ASKARKHODJAEV, RUSTAMJON SHUKUROV, and NODIR YUNUSOV shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 1956(c)(7), Title 18, United States Code, Section 1961(1) and Title 28, United States Code, Section 2461, and under the procedures set forth in Fed. R. Crim. P. 32.2: all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1951(a) including, but not limited to, the following:  $15,000.

3.    If any of the property described above, as a result of any act or omission of the defendant:

        a)    cannot be located upon the exercise of due diligence;

        b)    has been transferred or sold to, or deposited with, a third party;

        c)    has been placed beyond the jurisdiction of the court;

        d)    has been substantially diminished in value; or

e)	has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

981(a)(1)(C), Title 18, United States Code, Section 1956(c)(7)(A), Title 18, United States Code,

Section 1961(1) and Title 28, United States Code, Section 2461(c).

(All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)).

XI.	Fraud in Foreign Labor Contracting

1.	The allegations contained in this Indictment are hereby realleged and incorporated

by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United

States Code, Section 982(a)(3)(E).

2.	Upon conviction of the offenses in violation of Title 18, United States Code, Section

1351 set forth in Count Four of this Indictment, defendants ABRORKHODJA

ASKARKHODJAEV, NODIR YUNUSOV, RUSTAMJON SHUKUROV, VIOREL SIMON, and

ANDREW COLE, and shall forfeit to the United States of America, pursuant to Title 18, United

States Code, Section 982(a)(3)(E) and Title 28, United States Code, Section 2461, and under the

procedures set forth in Fed. R. Crim. P. 32.2: at least $51,000, said amount being the total of the

89

interests acquired and the gross proceeds charged and obtained through the violation of Title 18,

United States Code, Section 1351.

A TRUE BILL.

 /s/ Cheryl Gross
FOREPERSON OF THE GRAND JURY

 /s/ William L. Meiners
William L. Meiners #28263
Assistant United States Attorney

 /s/ Cynthia L. Cordes
Cynthia L. Cordes #6283752
Assistant United States Attorney

Date:   5/6/09
        Kansas City, Missouri